Rosa McLain, Plaintiff-Appellant, v. Board of Education, School District No. 52, Carmi, Illinois, Defendant-Appellee.

Gen. No. 62–F–14.

Fourth District.

May 11, 1962.

Frank Bonan, of McLeansboro, for appellant.

Kern & Pearce, of Carmi, for appellee.

SCHEINEMAN, J.

Plaintiff, McLain, was discharged as a teacher by the defendant Board, after a hearing. She filed an Administrative Review, and now appeals from the judgment which affirmed the Board. She asserts that the proceedings were without proper notice or warning, no proper evidence, solely hearsay, and the decision was contrary to the manifest weight of the evidence.

Plaintiff had acquired tenure by several years teaching one of six 4th grade classes in the school. The evidence against her consisted of copies of surveys and letters which had been supplied to her, containing criticisms and requests for changes. There was also

testimony by the school principal, and by several parents as to their complaints.

Early in January 1960 the principal had talked to plaintiff about complaints and discipline, and he sent her a survey dated January 21, 1960; thereafter he had further discussions with her, telling her of her extreme rigidity in discipline, so that children were uneasy, and parents complained. He told her she did not accept behavior patterns of 4th grade boys and girls, and that she should not expect every child to get everything. When he concluded, she told him she could not accept his statements and recommendations.

In January, 1961 another survey was sent her, including a request to refer back to the previous one. The principal talked to her again and asked her if she would accept any of his recommendations, named them one by one, and she answered "no." There were various other minor failures to comply with the school routine, and she would not make any change in schedule that was requested.

Various parents testified to their complaints, most of them being trivial and based on hearsay, since they involved what children had said at home. One parent, by comparison with another school, found that plaintiff's class was far behind in progress.

While this was hearsay, there was direct testimony from the principal. He had told plaintiff her room was not as far advanced as others. He testified as to comparisons he made between rooms on certain dates. After 96 attendance days, plaintiff's English class had covered 44 pages, others 75 to 95 pages. As of January 30, her arithmetic class had covered 93 pages, other classes 158 to 160. An so on as to other subjects.

A letter dated February 16, 1961, was sent her by the Board referring to her lack of cooperation, disciplinary methods, her holding back the entire class

to the pace of the weakest student, failure to follow school system, and warning that failure to rectify might result in charges for dismissal.

Plaintiff testified in her own behalf, and denied that the principal had talked to her at any great length, but she did not deny receiving the critical surveys, and admitted she had never made any change to follow recommendations. Several parents testified in her behalf that they were satisfied with the way she treated their children.

March 13, 1961, the Board sent her notice of charges of dismissal: (1) Failure to cooperate with other teachers, (2) failure to go along with school system, (3) holding back students so classes are behind the others, (4) failure to use reasonable methods of discipline, (5) regimentations of your class to level of weakest student, (6) best interests of school require it.

Plaintiff contends that this case is "on all fours" with Lusk v. Community Consolidated School Dist. No. 95 of Lake County, 20 Ill App2d 252, 155 NE2d 650, in which the trial court reversed an order discharging a teacher, which was affirmed on review, the court noting that there had been no reasonable notice of any defects, no opportunity given to remedy any that might exist, no showing they were not remediable, and the testimony was almost wholly of hearsay.

■ We cannot regard the present case as in any way comparable. This teacher was notified repeatedly over a period of months, and both orally and in writing, of defects complained of. And the board finally gave her written notice to remedy these shortcomings. The statute was fully complied with.

As to the result depending solely on hearsay, we deem the testimony of the principal as to facts, and the repeated written requests and recommendations, and her flat refusal to make any changes, were direct and positive evidence. The only effect of the hearsay

146

was to bring to the attention of the principal the things complained of. He told her of the complaints, and there is no indication she ever denied any of the incidents. On the contrary, as to a number of defects, she admitted the facts but refused to accept any criticism in that regard. As to the defects being remediable, many were very easily remedied, if she would, but she maintained an adamant attitude, refusing to change even very trivial matters. And even though separate items may appear remediable, when the teacher for more than a year, repeatedly refuses to accept any recommendation, and persists in all her rigid ways, there must come a time when they can no longer be regarded as remediable, being apparently a character defect.

■ It is recognized in law that the Board of Education has authority to dismiss a teacher for certain specified causes, or for other "sufficient cause." Therefore it has authority to determine other causes for the best interests of the school, and the courts would not interfere except when abuse of discretion is shown. Muehle v. School Dist. No. 38, County of Lake, 344 Ill App 365, 100 NE2d 805; Pearson v. Board of Education, 12 Ill App2d 44, 138 NE2d 326.

■■ We hold that the charge the plaintiff held back all pupils to the pace of the slowest, could properly be regarded by the Board as "sufficient cause," and it was clearly proved by competent evidence. In her own testimony, she did not mention this defect.

The charge as to improper discipline is not so clearly proved, but there are indications in the evidence that she was extremely rigid in her treatment of young children.

The charge of lack of cooperation is supported by direct evidence of some minor deviations which we have not set forth, since her complete disregard of higher authority was conclusively established. She

147

■■■■■■

even admitted on a direct question that she had never complied with any of the principal's directions.

■ Plaintiff complains that she was removed at once, instead of at the end of the school term as specified in the notice. We hold that, when the Board found the charges were proved, they had a right to act at once, regardless of any obligation to pay her salary for an additional period, a matter not involved in this hearing.

■ This court finds the plaintiff had a fair hearing and that the decision was not contrary to the manifest weight of the evidence. The judgment is affirmed.

Judgment affirmed.

HOFFMAN, P. J. and CULBERTSON, J., concur.