Doris Werner, Plaintiff-Appellant, v. Community Unit School District No. 4, Marshall County, Illinois, and Board of Education of Community Unit School District No. 4, Marshall County Illinois, Defendants-Appellees.

Gen. No. 11,717.

Second District, Second Division.

April 30, 1963.

Robert T. Swengel, of Henry, for appellant.

Black, Black & Borden, of Peoria, for appellees.

WRIGHT, P. J.

In a proceeding brought under the Administrative Review Act, the Circuit Court of Marshall County affirmed a decision of the Board of Education of Community Unit District No. 4, Marshall County, dismissing plaintiff, Doris Werner, as a second grade teacher in the Lacon School.

Plaintiff began teaching in the Varna School of the defendant's school system about six weeks after the beginning of the fall term in 1958 where she taught the second and third grades during the school year 1958–59. During the 1959–60 and 1960–61 school years, she taught one of the two second grade classes in the Lacon School of defendant's system.

The Board of Education on February 20, 1961, voted to terminate plaintiff's contractual services for the best interest of the school and the plaintiff was on February 22, 1961, called to the office and advised of her dismissal by Lawson T. Schubert, Superintendent

of the school system, and Merideth W. Spear, Principal of the Junior High and Grade School. Later on February 24, 1961, plaintiff was served with a notice from the Board dated February 23, 1961, stating that her contractual continued service would be terminated on May 26, 1961, for the best interest of the school. Subsequently, on March 3, 1961, the plaintiff replied to the Notice of Dismissal and asked for a public hearing and requested to be advised of the specific grounds or reasons for her dismissal.

The Board on March 20, 1961, adopted a resolution, which again provided for plaintiff's dismissal, effective May 26, 1961, for the eleven reasons as set forth in the form of the Notice of Dismissal provided for in the resolution. The resolution further provided that the reasons and causes set forth were found not to be remedial and further provided that the dismissal was to be effective sixty days from the date of the service of the Notice of Dismissal on the plaintiff. The eleven reasons set out in the notice are as follows: 1. Because of her failure to require enough work from her students. 2. Because of her improper grading of papers. 3. Because of her incompetence in the classroom. 4. Because of her failure to teach her students as much as they should have learned during the time she taught them. 5. Because of her statements that she would break school rules and regulations. 6. Because of her allowing students to change their answers on papers. 7. Because of her breaking school rules and regulations. 8. Because of her practice of delaying the giving of tests to her pupils for several weeks beyond the time such tests were given by other teachers to other children in the same grade so that her pupils' grades would appear favorable. 9. Because of her inaccurate grading of papers and tests. 10. Because of her giving her pupils higher grades than those earned by them. 11. Because of her giving satisfactory grades

to pupils whose performance did not merit them and who the following year immediately required substantial remedial work which would not have been necessary had they earned the grades given them.

This Notice of Dismissal was served on the plaintiff on March 21, 1961. The plaintiff replied thereto on March 24 1961, and asked for a public hearing; requested to be advised as to what regulations were involved in reasons Nos. 5 and 7 and stated that she did not waive any objections which could be made by reason of two notices being served on her.

Pursuant to notice served on plaintiff on April 8, 1961, a hearing was held before the Board on April 20th, and concluded on May 4, 1961.

The Board on May 15, 1961, adopted a resolution and rendered its decision finding that the best interest of the school requires the dismissal of plaintiff for the eleven causes set out in the Notice of Dismissal, and further found the causes not to be remedial and provided for the dismissal of plaintiff effective at the close of the school on May 26, 1961.

The plaintiff contends that the order of the Circuit Court affirming the decision of the Board of Education dismissing her should be reversed for the following reasons: 1. The Board failed to comply with the procedures set forth in the school code pertaining to the dismissal of the plaintiff. 2. The Board made many rulings during the hearing which were improper and which resulted in the plaintiff not having a fair trial. 3. That the decision of the Board is not supported by substantial competent evidence, and that it is against the manifest weight of the competent evidence, both as to cause and remediality.

■ We believe that the procedure followed by the Board leading up to the hearing on April 20, 1961, and during the hearing was in conformity with the procedure prescribed by statute. A written notice of the

charges was served upon the plaintiff sixty days before the effective date of the dismissal. At the request of the plaintiff, a hearing was held within said period of sixty days and a decision was rendered by unanimous vote of the Board on May 15, 1961, which was within the sixty-day period.

A review of the voluminous record in the instant case, which consists of some 250 pages, discloses that the major portions of the evidence offered and admitted before the Board consists of hearsay testimony, much of which is highly prejudicial to the plaintiff, and admitted over plaintiff's objections. However, it appears that the Board made every effort to give the plaintiff a fair hearing, but apparently misinterpreted in many instances the rules of evidence.

There is competent evidence in the record that the plaintiff in evaluating the Standard Research Ability Tests given by her to her students in the fall of 1960, made numerous errors and was, to say the least, careless in scoring the grades for the children; that the plaintiff on at least one occasion changed the grade on one of her student's test papers after it had been turned in to her by the student. This was done in the presence of Mr. Spear, the Principal, who made no complaint to the plaintiff. The evidence also discloses that the plaintiff on some occasions permitted students who lived in town and did not ride the school bus to enter the building before 8:30 o'clock in the morning in violation of a rule which provided that such students were not to be permitted in the building before that hour. The evidence also discloses that other teachers on other occasions had violated the same rule, and the plaintiff on cross-examination stated that she only violated the rule on a few cold mornings. There is also evidence that plaintiff delayed on some occasions the giving of tests to her students, and that in some in-

stances students had not been required to complete their workbooks.

Mr. Schubert, the School Superintendent, and Mr. Spear, the School Principal, testified that execessive remedial work was necessary for plaintiff's students when they moved on to the next grade and that there was a general decrease in the successfulness in their work gradewise, and that in their opinion the best interest of the school required plaintiff's dismissal.

We conclude that the Board's finding that the causes, or at least some of them, set out in the Notice of Dismissal as reasons for the dismissal of plaintiff is supported by competent substantial evidence.

This brings us to the next question as to whether or not the Board's finding that the causes were not remedial is supported by competent substantial evidence.

It is not questioned in this case that the plaintiff by virtue of her employment qualified for contractual continued services under the Teacher Tenure Law, Chap 122, Ill Rev Stats, 1959, Art 24, and was entitled to the benefits afforded her by said law. Section 24–3 of the act provides, among other things, that "Before service of Notice of charges on account of causes that may be deemed to be remedial, the teacher shall be given reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges."

The Board had discretion in the first instance to determine whether the causes for which plaintiff was dismissed were remedial. Eveland v. Board of Education of Paris Union School Dist., 340 Ill App 308, 92 NE2d 182; Meridith v. Board of Education of Community Unit School Dist. No. 7, 7 Ill App2d 477, 130 NE2d 5, but the court is vested with the power on review to test the exercise of the Board's discretion and determine whether there has been an abuse. The Board is not free to arbitrarily or without cause dismiss

teachers. The tenure law would have no value as a protection to teachers if Boards were free to dismiss teachers for cause deemed by them to be irremedial and the decisions were insulated from judicial review. Hauswald v. Board of Education of Community High School Dist. No. 217, Cook County, 20 Ill App2d 49, 155 NE2d 319.

In view of the foregoing, we are of the opinion that the Board was well within its rights in determining in the first instance and until a final hearing that the causes were not remedial.

The evidence presented at the hearing before the Board must not only prove that the reasons and causes for discharge existed, but it must also be shown by competent substantial evidence that the reasons and causes were not remedial, Hauswald v. Board of Education, supra. We are of the opinion that the evidence in the record before us falls far short of proving that the causes and reasons set forth in the Notice of Dismissal in the instant case were not remedial.

Plaintiff was originally employed in the fall of 1958 to teach second and third grades in the Varna School and in the fall of 1959 she was transferred to the Lacon School where she taught one of the second grades, and was from the date of her employment under the supervision and control of Mr. Spear, the School Principal. In the year 1958–59, she had a discipline problem in the Varna School, which was discussed with her by her superiors and by the middle of the year this problem was corrected.

There is no evidence that any complaints were ever made to the plaintiff by the school administrators about the manner in which she was doing her work. There is no evidence that she was ever given any warning that if she did not correct the alleged causes that charges might be preferred against her. In fact, the school superintendent and school principal both testi-

fied that they had never made any complaint to the plaintiff personally about the causes or reasons for which she was dismissed prior to her dismissal. Mr. Schubert, in the spring of 1960, sent plaintiff a contract to be signed for the 1960–61 school year and sent a letter along with it in which he stated, among other things, "The Board has asked me to express their appreciation for the fine professional attitude which the entire faculty has displayed throughout the past year. I would like also to express my appreciation for the fine fashion in which you have carried out your assignments throughout the year. We have had, thus far, an excellent year, and this can be attributed to the fine work done by our faculty." This letter would certainly lead plaintiff to believe that her work was entirely satisfactory during the 1959–60 school year.

There is no competent evidence in the record that the plaintiff could not have corrected the causes or reasons proven as grounds for her dismissal if her superiors had complained to her and demanded of her that she give these matters more attention and nothing to suggest that she would not have corrected the causes if she had been warned that failure to do so might result in charges.

A cause not remedial is where irreparable damage has been done such as in Jepsen v. Board of Education of Community School Dist. No 307, 19 Ill App2d 204, 153 NE2d 417, where the plaintiff accused the principal of the school of knowingly permitting an ineligible player to participate in a football game. In that type of case, the accusation having been made, the damage was done and could not be repaired or remedied. The causes here are not similar to the one in the Jepsen case. There is nothing in the record to suggest that any of the causes proved inflicted damage or injury to the school, students or faculty which could not have been remedied if complaints had been made to the

plaintiff when knowledge of the causes first came to the attention of her superiors and there is no evidence or reason inferrable from the record why plaintiff would not have corrected the causes if her superiors had warned her or made complaint about the causes.

We conclude that the finding of the Board of Education that the causes were not remedial is against the manifest weight of the evidence. Therefore, the order of the trial court affirming the decision of the Board is reversed and remanded with directions to reverse the decision of the Board.

Reversed and remanded with directions.

SPIVEY and CROW, JJ., concur.