DELBERT WALLER, Plaintiff-Appellant, *v.* BOARD OF EDUCATION OF CENTURY COMMUNITY UNIT SCHOOL DISTRICT No. 100, Defendant-Appellee.

(No. 72-183; ■■■■■■■■■■)

Fifth District—August 17, 1973.

*Rehearing denied October 10, 1973.*

Drach, Terrell and Deffenbaugh, of Springfield, for appellant.

James W. Sanders, of Marion, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

This is an appeal by plaintiff-appellant, Delbert Waller, from a judgment of the Circuit Court of Pulaski County upholding the action of the defendant-appellee, Board of Education of Century Community School District No. 100 of Pulaski, Alexander, Massac and Johnson Counties, Illinois, hereafter referred to as the Board, dismissing him from his teaching appointment.

During the school year 1970-71 and for two or more years immediately preceding this year the appellant was superintendent of schools for Century Community Unit School District No. 100. On March 15, 1971, after a hearing, the Board relieved the appellant of his administrative duties effective June 30, 1971 and reassigned him as a teacher for the 1971-72 school year.

On August 21, 1971, prior to the assumption of classroom duties, the Board informed the appellant that he would be dismissed from employment as a teacher on November 2, 1971 and that pending a hearing he was suspended effective August 21, 1971. This decision was reached by the Board in a special meeting held on August 21. Following this notification the appellant requested and on September 2 received a bill of particulars. A hearing was held on October 2, 1971 following which the Board adopted a resolution dismissing the appellant effective November 2, 1971 and continuing his suspension until that date.

A complaint for administrative review was filed in the Circuit Court of Pulaski County, and on April 11, 1972 the court entered an order affirming the decision of the Board. Notice of appeal to this court was filed on April 18, 1972.

Appellant does not question the right of the Board to relieve him of his position as Superintendent and reassign him to a teaching position; and the Board does not question the status of the appellant as an employee having tenure within the terms of section 24—11 of the Teacher Tenure Law. Ill. Rev. Stat. 1973, ch. 122, sec. 24—11.

Though the Board's letter of dismissal of August 21, 1971 does not state specifically which of the causes listed in section 10—22.4 of the Teacher Tenure Law is the basis for its action, the bill of particulars supplied to the appellant on September 2 indicates that it is based on that portion of the above section which states that the Board has power to dismiss: "* * * whenever, in its opinion, the interests of the schools require it, * * *."

■■ Section 24—12 of the Teacher Tenure Law contains an important condition on the right of a board to dismiss. It provides that:

> "Before service of notice of charges on account of causes that are considered remedial, the teacher shall be given reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges. The decision of the board as to the existence of reasons or causes for dismissal or removal is final unless reviewed as provided in Section 24—16 of this Act."

Section 24—16 of the Teacher Tenure Law makes applicable the provisions of the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, sec. 264 *et seq.*) to decisions of school boards.

■■ When this court reviews any decision of a circuit court which has handed down an opinion under the Administrative Review Act it is confronted with two questions: (1) Does the record show that the steps and procedures required by law were taken, and (2) If so, is or is not the decision of the board or administrative agency against the manifest weight of the evidence? If, upon examination of the record regarding the first question, the court concludes that there were failures or omissions which substantially affect the rights of the party against whom the proceedings are taken, it has no choice but to reverse.

■■ We consider the right of a teacher to be informed about causes that are remediable and to have an opportunity to correct such causes as extremely important and one that goes to the heart of the tenure system. We do not believe that a record which fails to show that the board took proper cognizance of this provision is sufficient. In *Hauswald*

*v. Board of Education,* 20 Ill.App.2d 49, 155 N.E.2d 319, the court said:

"The Tenure Law would have no value as a protection to teachers if Boards were free to dismiss teachers for 'cause' deemed by them to be irremediable and the decisions were insulated from judicial review."

Since the law itself states that the Board's decision is subject to review, it seems reasonable to conclude that the record should disclose the findings of the Board regarding remediability. In *Miller v. Board of Education,* 51 Ill.App.2d 20, 200 N.E.2d 838, the court said:

"* * * there is no showing in the record that the Board made an express initial determination on the issue of remediability. It may be said that by not giving a warning notice the Board inferentially determined that the charged were irremediable. It would seem that the better practice would be for the Board to put itself on record before the hearing as to that question. * * * However, the determination of the Board in the first instance, assuming such determination was made, and its final decision on the hearing that the causes of dismissal are not remediable, are subject to review."

In *Donahoo v. Board of Education,* 413 Ill. 422, 109 N.E.2d 787, the court said:

"A board would not so readily dismiss when its reasons therefor will be submitted to the bar of public opinion. Such a statement would give the teacher a chance to know his weaknesses and try to correct."

After sympathizing with board of education because of time and energy their members must spend in the public interest the court nevertheless said:

"* * * proper minutes and records should be kept to the end that the persons who are carrying the tax load may make reference to such records and that future boards may be advised of the manner of disposition of questions which have arisen."

In *Werner v. Community Unit School Dist. No. 4,* 40 Ill.App.2d 491, 190 N.E.2d 184, the court said:

"* * * we are of the opinion that the Board was well within its rights in determining in the first instance and until a final hearing that the causes were not remedial.

The evidence presented at the hearing before the Board must not only prove that the reasons and causes for discharge existed, but it must also be shown by competent substantial evidence that the reasons and causes were not remedial * * *."

In the *Werner* case the court held that the evidence in the record fell far short of proving that causes and reasons set forth in the notice of dismissal were not remediable.

■■ In view of these decisions and of our own thinking, we conclude that a record cannot be properly reviewed on appeal unless there is a showing that the Board made a determination regarding the remediability of causes and unless its reasons are expressed in such fashion that the reviewing court can pass judgment on them.

In the instant case we find nothing in the record showing that the Board ever considered the question of remediability. Four days after receiving the appellant's "letter of protest," the Board, without discussing with the appellant the contents of his letter, held a special meeting and issued its August 21 letter of dismissal. Appellant's counsel states in his brief that at the time of the hearing he made a motion to dismiss for failure of the Board to give the appellant reasonable warning regarding remediable causes; and that the motion was disallowed. But this does not appear in the record of the Board's proceedings. Counsel, in his argument for the appellee, expressed the opinion that the causes in this case were not remediable. But this was his opinion; there is no showing in the record that the Board reached this conclusion. There is no mention of a finding regarding remediability in the minutes of the special meeting of the Board held on August 21, 1971 or in its letter of dismissal of that same date. The bill of particulars of September 2 makes no mention of remediability. The resolution of the Board adopted on October 28 dismissing the appellant makes no mention of a finding regarding remediability, and the order of the court entered on April 11, 1972 likewise makes no mention regarding a finding on remediability.

It should be noted that in cases cited by both the appellant and the appellee the record shows that there was a finding regarding remediability. In *Hutchison v. Board of Education,* 32 Ill.App.2d 247, 177 N.E.2d 420, though no notice regarding remediable causes had been given the teacher, the Board in its dismissal resolution indicated that a prior determination regarding remediable causes had been made. At least there was something in the record—though the court found in this case that:

> "* * * The Board's determination that the causes assigned for dismissal were not remediable appears to be without substantial foundation in the record."

In the *Werner* case the Board adopted a resolution finding that the causes were not remediable, and again, after the hearing, the Board's resolution also showed that it had found the causes not to be remediable. In *Wells v. Board of Education,* 85 Ill.App.2d 312, 230 N.E.2d 6, the Board's notice of dismissal stated that the causes were irremediable.

And again the resolution after the hearing also stated that the causes were irremediable. In this case, however, the court found that the causes were remediable and that the finding of irremediability was against the manifest weight of the evidence. In *Keyes v. Board of Education*, 20 Ill.App.2d 504, 156 N.E.2d 763, one of the cases cited by the appellee, the resolution adopted by the Board stated that the causes were irremediable. But even in this case where the facts showed that over a period of four years the teacher could have made amends but refused to do so, the court said:

"Obviously, compliance with this warning notice provision cannot be had unless, prior to giving a dismissal notice, determination is made as to whether the cause or causes relied upon are remediable."

In *Meridith v. Board of Education*, 7 Ill.App.2d 477, 130 N.E.2d 5, though the court stated:

"\* \* \* we must conclude that the Board was well within its rights in apparently determining, in the first instance, until a final hearing, that the charges, particularly when considered as a whole, were not remediable."

The record before the court showed that the teacher had told the Board he would not remedy the cause. Therefore this is not a strong case for holding that the Board does not have to make a finding regarding remediability as a matter of record.

We find other cases making similar holdings. In *Allione v. Board of Education*, 29 Ill.App.2d 261, 173 N.E.2d 13, another case reversed in favor of the teacher, the Board's letter listing causes stated that it had found that the causes were not remediable. In *McLain v. Board of Education*, 36 Ill.App.2d 143, 183 N.E.2d 7 the teacher had been notified repeatedly of defects by the principal both orally and in writing and over a period of months. Also, the Board made a written request to the teacher to remedy the causes. The record showed that she took no steps to correct her defective performance so the court affirmed the action of the Board.

In "The Guiding Star in Teacher Dismissals," 52 Ill. Bar J. No. 5, January 1964, p. 425, Thomas C. Kelleghan states that:

"It has been the distinction between remediable and irremediable causes which has bedeviled the courts, however, and which has created the need for a 'guiding star.' They have uniformly ruled that the school boards have the discretion in the first instance to determine whether the causes for dismissal are remediable, and to confirm that finding at the conclusion of the hearing. The courts have just as consistently held that they have the power to

test that finding on review for abuse of discretion by the school board."

In the instant case we are not apprised by the record that the school board made a finding regarding remediability, and there was no reference to any such finding at the conclusion of the Board's hearing. It is our opinion that the failure of the Board to make any finding of record regarding the remediability of the causes enumerated in its bill of particulars is not in accord with the obvious intent of the law and is prejudicial to the rights of the appellant.

Judgment reversed.

G. MORAN, P. J., and CREBS, J., concur.