ELIZABETH ANN REINHARDT, Plaintiff-Appellee, *v.* BOARD OF EDUCATION OF ALTON COMMUNITY UNIT SCHOOL DISTRICT No. 11, Defendant-Appellant.

(No. 73-189;

Fifth District—May 20, 1974.

Harold G. Baker, Jr., of Belleville (John M. Ferguson, of counsel), for appellant.

Richard Shaikewitz, of Wiseman, Shaikewitz & McGivern, of Alton, for appellee.

Barbara O'Toole, of American Civil Liberties Union, of Chicago, for amicus curiae.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The Board of Education of Alton Community Unit School District No. 11, Madison and Jersey Counties, Illinois, hereinafter referred to as the Board, appeals from a judgment of the Circuit Court of Madison County reversing the action of the Board dismissing plaintiff-appellee from her employment as a teacher.

· During the 1971-1972 school year and for 12 years prior appellee taught school in defendant Board's district. In 1971 during the Christmas recess, when 8½ months pregnant and married for less than 1 month, she told the administrative assistant to the superintendent in charge of elementary education that she would not be able to return to work until March 1. Arrangements were made for a temporary substitute.

A month and a half later, on February 9, 1972, the superintendent of schools called her to his office and suggested that it would be in her and the Board's best interest if she would resign. The next day she signed a letter of resignation which 2 days later she withdrew. The effectiveness of this withdrawal is not disputed.

On February 29, 1972, the day before her anticipated return to teaching, the Board held a special meeting at which they reviewed a report concerning her and adopted a resolution discharging appellee "for the grounds of immorality and because, in the opinion of this Board of Education, the interests of the schools of this school district require such dismissal" and finding that "none of said grounds for dismissal is remedial." At appellee's request, a bill of particulars was furnished and a hearing held on April 20 and April 26, 1972. At the end of the hearings the Board voted that cause existed to support the dismissal. Appellee then filed a complaint for administrative review pursuant to the teacher tenure law (Ill. Rev. Stat. 1971, ch. 122, par. 24—16). The Circuit Court of Madison County reversed the decision of the Board. The Board appeals.

Under the provisions of the Administrative Review Act, this court in reviewing the decision of the circuit court in this case is confronted with two questions: (1) Does the record show that the steps and procedures required by law were taken, and (2) if so, is or is not the decision of the Board or administrative agency against the manifest weight of the evidence? *Waller v. Board of Education,* 13 Ill.App.3d 1056, 302 N.E.2d 190.

The steps and procedures required in this case are set out in the teacher tenure law (Ill. Rev. Stat. 1971, ch. 122, par. 24—1 *et seq.*). Appellee is a tenured teacher and thus is protected by the provisions of section 24—12:

> "Before service of notice of charges on account of causes that are considered remediable, the teacher shall be given reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges. The decision of the board as to the existence of reasons or· causes for dismissal or removal is final unless reviewed as provided in Section 24—16 of this Act."

Section 24—16 of the teacher tenure law makes applicable the provisions

of the Administrative Review Act (Ill. Rev. Stat. 1971, ch. 110, par. 264 *et seq.*) to decisions of school boards.

■■ As stated in *Waller, supra:*

> "We consider the right of a teacher to be informed about the causes that are remediable and to have an opportunity to correct such causes as extremely important and one that goes to the heart of the tenure system. We do not believe that a record which fails to show that the board took proper cognizance of this provision is sufficient. * * *
>
> * * *
>
> [A] record cannot be properly reviewed on appeal unless there is a showing that the Board made a determination regarding the remediability of causes and unless its reasons are expressed in such fashion that the reviewing court can pass judgment on them." 13 Ill.App.3d at 1058, 1060.

■■ The only mention of remediability in the record of this case are two conclusory findings by the Board in the resolution and accompanying report adopted on February 29, 1972, that none of the causes are remediable. There is nothing in the record to indicate that it was considered at the April hearings and there is no statement in the record of the reasoning supporting this decision. In fact, the only difference between the record in this case and in *Waller* is these two findings. In *Waller* we reversed the action of the Board as not in accord with the obvious intent of the tenure law and prejudicial to the rights of the teacher. We must do the same here.

■■ For the Board to have found the causes irremediable under the current interpretation of the statute, they must have found that damage had been done to the students, the faculty or the school itself, and that the damage could not have been corrected if warnings had been given by the teacher's superiors when they learned of the cause. (*Wells v. Board of Education*, 85 Ill.App.2d 312, 315, 230 N.E.2d 6, 8.) The record of the hearings before the Board discloses no injury to the students, faculty or school. No parents of children in her classroom complained. No students complained. There is no evidence of any breakdown in her relationships with other teachers, no evidence that her teaching ability was affected in any manner, and no evidence that the standing of the school as an education institution was in any manner affected by appellee's actions. Without evidence of harm, there cannot properly be a finding of irremediability.

■■ Even assuming that the procedures required by the teacher tenure law were properly followed, the Circuit Court acted properly in reversing the Board's decision to discharge appellee because that decision

was without support in the evidence. Section 10—22.4 lists as causes for which a teacher may be discharged the following: Incompetency, cruelty, negligence, immorality, not qualified to teach, other sufficient cause, whenever in the opinion of the Board the interests of the schools require it.

■■ The teacher tenure law was enacted in 1941 to protect teachers from arbitrary Board action (*Donahoo v. Board of Education*, 413 Ill. 422, 425, 109 N.E.2d 787, 789; *Betebenner v. Board of Education*, 336 Ill.App. 448, 454, 84 N.E.2d 569, 572) and consistent with this purpose courts have uniformly, when defining sufficient cause for dismissal within the terms of 10—22.4, required evidence of injury to students, faculty or the school.

In *Hutchison v. Board of Education*, 32 Ill.App.2d 247, 177 N.E.2d 420, the Board dismissed a teacher for failure to effectively perform and carry out instructional duties and because the best interests of the school required dismissal. On appeal the court reversed because "no proof of plaintiff's failure to do his duty or of any action or omission detrimental to the best interests of the school was offered."

In *Allione v. Board of Education*, 29 Ill.App.2d 261, 173 N.E.2d 13, a teacher was discharged for insubordination, general attitude and because the best interests of the school required it. The appellate court reversed the decision of the Board and said:

> "* * * [W]e find no evidence of any detrimental consequences suffered by the school as a result of plaintiff's alleged misconduct. * * * To sustain the Board's conclusion that the best interests of the school required plaintiff's dismissal in the absence of proof supporting it, would amount to sanctioning the practice of arbitrarily dismissing teachers without regard to their rights under the Tenure Law." 29 Ill.App.2d at 267, 68.

■■ We hold that "immorality" like the other causes listed in section 10—22.4 is sufficient cause only where the record shows harm to pupils, faculty, or the school itself. Otherwise we would be subjecting teachers to infinitely variable definitions of morality and thereby interpreting the act in a manner inconsistent with its purpose. A tenured teacher "is entitled to a construction [of the tenure law] which is consistent with the prime purpose of protecting teachers." *Hauswald v. Board of Education*, 20 Ill.App.2d 49, 52, 155 N.E.2d 319, 322.

■■ We adopt the following language of *Jarvella v. Willoughby-East-lake City School District Board of Education*, 12 Ohio Misc. 288, 233 N.E.2d 143 (Ct. Common Pleas 1967):

> "The private conduct of a man, who is also a teacher, is a proper concern to those who employ him only to the extent it mars him

as a teacher. * * * Where his professional achievement is unaffected, where the school community is placed in no jeopardy, his private acts are his own business and may not be the basis of discipline."

The Board raised three other issues which we find no need to consider because the situations involved were all clearly remediable had proper demand and warning been given. There is no evidence that any order or directive was given appellee concerning these three matters or that any alleged violation of such orders or directives had been called to appellee's attention until after the Board adopted the resolution dismissing her.

Since there is in the record below no proof of harm to pupils, faculty or the school, the circuit court properly reversed the Board's action dismissing appellee on the grounds of immorality and best interests of the school district. Such charges were unsupported by the evidence.

Judgment affirmed.

CARTER, J., concurs.

CREBS, J., dissents.