J. Steven Everett, Plaintiff-Appellant, *v.* Board of Education of District 201, Cook County, Defendant-Appellee.

(No. 58637;

First District (3rd Division)—June 20, 1974.

*Rehearing denied September 25, 1974.*

Ligtenberg, DeJong & Poltrock, of Chicago, for appellant.

Richard F. McPartlin, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, J. Steven Everett, was dismissed from his employment as a tenured high school teacher by the defendant, Board of Education of District 201, Cook County, Illinois, upon charges and after a hearing held pursuant to The School Code. (Ill. Rev. Stat. 1971, ch. 122, sec. 24—12.) Plaintiff appealed the Board's decision to the circuit court of Cook County under the provisions of the Administrative Review Act. (Ill. Rev. Stat. 1971, ch. 122, sec. 24—16, and ch. 110, sec. 264 *et seq.*) Upon review of the record, the circuit court affirmed the Board's decision and plaintiff now appeals the decision of the circuit court.

Plaintiff raises five issues on appeal. First, he contends that the Board was without jurisdiction to act in this matter. Second, he claims that the Board's decision was arbitrary. The last three issues raise constitutional questions relating to academic freedom, the freedom of speech, and the right to a fair hearing.

We reverse and remand.

The record on appeal reveals the following facts. Plaintiff was a tenured high school teacher at Morton East High School, Cicero, Illinois, having taught there since 1962. On January 12, 1971, he dismissed one of his classes early and allowed 12 students out of another class without passes, both actions contrary to school rules. On January 13, the next day, the principal sent him the following letter:

"Dear Mr. Everett:

I have spoken to you previously regarding the necessity of giving passes signed by you to any student leaving your class for a

legitimate reason. Mr. Musil told me that on January 12, 1971 twelve students from your classes were found in the corridors during class period and the students indicated that you did not give them a pass. This letter is to direct you not to allow any student out of your class except for a legitimate reason and only then with a pass made out and signed by you.

Further, I observed and you confirmed on January 12, 1971 that you dismissed your seventh hour class early. This letter is to direct you not to dismiss any of your classes early. Follow the class schedule. If you have any question about the rules or procedures, ask Dr. Antal or me prior to deviating from procedure.

Sincerely,

J. Keith Kavanaugh"

On February 3, 1971, Mr. Everett distributed a sociological questionnaire to the students in his sociology classes as part of their study of the scientific method of gathering data. The questionnaire, which asked questions pertaining to sexual behavior and attitudes as relating to Women's Liberation, was copied directly from the February, 1971 issue of *Psychology Today*, a nationally known magazine which sponsored the questionnaire. The completion of the questionnaire was optional with the 95 students in the classes, and Mr. Everett mailed to the magazine the 45 anonymous responses of those students who elected to complete the questionnaire. The plaintiff did not analyze the responses of the answer sheets he relayed to the magazine.

Subsequently, the School Board found out about the questionnaire and ordered the district superintendent to investigate the matter. After investigation, the superintendent recommended that the plaintiff be dismissed from his position as a teacher at the high school.

On April 5, 1971, Mr. Everett was notified of his dismissal based upon the four charges placed against him. The first three charges related to his use of the questionnaire, which the Board felt was objectionable. The fourth charge was "Repeated violations of instructions with reference to the manner of allowing said students in said Respondent's classes to leave the classroom."

Pursuant to the statute governing the dismissal and removal of tenured school teachers (Ill. Rev. Stat. 1971, ch. 122, sec. 24—12), the plaintiff requested a bill of particulars and a hearing on the charges. The Board provided a four-point bill of particulars. The first three points dealt with the questionnaire and the fourth was:

"On, to-wit, January 12, 1971, approximately twelve students in Mr. Everett's class were allowed out of the room, without being given passes by him, as required by school procedures. On the

same date Mr. Everett dismissed his 7th hour class early, in violation of school procedures."

The School Board held public hearings on the matter, found the teacher to be guilty of all charges, and made the following findings of fact:

"The Board finds that Respondent as charged in the charges filed was guilty of the following:

a) That his conduct was unbecoming, unprofessional, irresponsible and detrimental to the best interests of the students, faculty and school, in distributing, on or about February 3, 1971, a questionnaire entitled 'Women and Man' to his students, and which questionnaire contained subject matter and questions dealing with sex and religion inappropriate for his students.

b) That he violated policy procedure and instructions in distributing said questionnaire to his students, without prior clearance and approval from his superior in school administration.

c) Irresponsibility and negligence in distributing said questionnaire to his students without having completely read and considered all the contents thereof.

d) Repeated violation of instructions with reference to the manner of allowing students in his classes to leave the classrooms. While the board finds that a violation of classroom pass procedure may be remediable, the Board further finds that on to-wit:

January 13, 1971, a warning notice concerning violation of these instructions was given to Respondent by Keith Kavanaugh, Principal of Morton East High School, and that on numerous occasions subsequent thereto, Respondent violated classroom pass procedure regulations."

The circuit court of Cook County reviewed the record, heard arguments, and found that the finding and decision of the defendant Board of Education was not against the manifest weight of the evidence.

The first issue on appeal is whether the defendant had jurisdiction to act in this matter. Our initial consideration in this issue is whether the Board had jurisdiction to dismiss the plaintiff for his alleged violation of school pass procedures and class schedules, a charge the Board found to be remediable.

■■ The School Code (Ill. Rev. Stat. 1971, ch. 122, sec. 24—12) provides that a tenured teacher (teacher in contractual continued service) may be removed or dismissed from his position for cause and upon charges by a school board which follows the procedural steps set forth in the statute. A board bringing charges against a teacher must

serve written notice of the charges upon the teacher as a jurisdictional prerequisite to dismissal procedures. If the written notice is not properly served, it follows that the board's actions were not within the contemplation of the statute, and therefore void *ab initio*. *Miller v. Board of Education* (1964) 51 Ill.App.2d 20, 29, 200 N.E.2d 838, 842.

For the service of the notice of charges upon the teacher to be proper, the legislature has prescribed that if the board determines that the cause for dismissal is remediable, the teacher must be formally warned, in writing, that if he does not comply with the rules he may be brought up on charges and dismissed by the board. "Before service of notice of charges on account of causes that are considered remediable, the teacher shall be given reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges." Ill. Rev. Stat. 1971, ch. 122, sec. 24—12.

In the instant case, the question arises as to whether the defendant Board of Education complied with the warning provision for remediable causes. The defendant Board argues that the principal's letter of January 13, 1971 (set forth above), constituted the proper statutory warning. We disagree.

■|■ The principal's letter was clearly a letter of direction, not the "reasonable warning in writing" required by the statute. In the absence of a statutory definition indicating a different legislative intention, the courts will assume that statutory words have their ordinary and popularly understood meanings. (*People v. Blair* (1972), 52 Ill.2d 371, 288 N.E.2d 443.) Webster's Third New International Dictionary, Unabridged (1964), defines *warning* as "the action or fact of putting one on his guard by intimating danger, evil consequences, or penalties from an act or course of conduct." Nowhere in the letter is contained any intimation that penalties such as dismissal could befall the plaintiff if he did not follow the class schedules or the pass procedures. Absent such a warning, we hold that the letter did not comply with the statutory requirement of a "reasonable warning in writing." Without this warning relating to causes deemed by the defendant Board to be remediable, the service of notice of charges upon the plaintiff was not proper, so it cannot be said that the Board complied with the procedures set forth in section 24—12 of The School Code. Since this compliance did not occur, the defendant did not have proper jurisdiction over the matter to properly dismiss the plaintiff from employment for his alleged violation of pass procedures and class schedules. Accordingly, we reverse the Board's decision.

■■ We now turn to the issue of whether the Board's decision to dismiss the plaintiff for his use of the questionnaire was grounded in proper

jurisdiction. The first question is whether the Board found the use of the questionnaire to be remediable. If it were remediable, the plaintiff had a statutory right to a warning. The Board's findings (quoted above) do not show that the Board made an express determination as to remediability. The defendant Board contends that because it made a finding of remediability on the pass violation matter, but did not do so on the questionnaire matter, this shows that the Board considered the problem to be irremediable, or not requiring a reasonable warning in writing prior to the service of notice of charges. We again disagree.

The recent case of *Waller v. Board of Education* (1973), 13 Ill.App. 3d 1056, 302 N.E.2d 190, held that a school board's failure to make a finding of either remediability or irremediability concerning causes for dismissal of a tenured school teacher was prejudicial to the rights of the teacher so as to require reversal of the board's decision to dismiss and remove the teacher from his position of employment.

■■ In the instant case, we follow the holding in *Waller* and find that the defendant's failure to make a determination in its finding and decision that Mr. Everett's conduct with respect to the use of the questionnaire was either remediable or irremediable was prejudicial to the teacher's rights to the fair hearing contemplated by the legislature in The School Code. Had the Board considered the problem to be remediable, it should have provided a reasonable warning in writing, as discussed above. On the other hand, had it considered the problem to be irremediable, it should have so stated. Without the Board's determination on the matter the record does not clearly show that the proper procedural steps were followed by the Board. We feel that such an incomplete record is prejudicial to the teacher's rights and requires reversal. *Waller v. Board of Education, supra.*

The court in *Waller* wrote:

> "When this court reviews any decision of a circuit court which has handed down an opinion under the Administrative Review Act it is confronted with two questions: 1) Does the record show that the steps and procedures required by law were taken, and 2) If so, is or is not the decision of the board or administrative agency against the manifest weight of the evidence? If, upon examination of the record regarding the first question, the court concludes that there were failures or omissions which substantially affect the rights of the party against whom the proceedings are taken, it has no choice but to reverse." 13 Ill.App.3d at 1058, 302 N.E.2d at 192

This court concludes that since the Board did not comply with the steps and procedures required by law for the removal and dismissal of

the plaintiff from his position as a school teacher, we must reverse the judgment of the circuit court of Cook County.

The School Code, section 24—12, provides:

> "If the decision of the board is reversed upon review or appeal, on a motion of either party the trial court shall order reinstatement and shall determine the amount for which the board is liable including but not limited to loss of income and costs incurred therein."

We remand this action to the circuit court of Cook County for such action consistent with the views expressed herein.

Having so concluded, we do not consider other issues raised in this case and express no opinion as to the issue of whether the Board erred in not confining its evidence at the hearing to the incidents specified in the bill of particulars.

Judgment reversed and remanded.

DEMPSEY and MEJDA, JJ., concur.