JANE YESINOWSKI, Plaintiff-Appellant, v. BOARD OF EDUCATION OF BYRON SCHOOL DISTRICT NO. 226, Defendant-Appellee.

(No. 74-32;

Second District (2nd Division)—May 9, 1975.

Drach, Terrell & Deffenbaugh, of Springfield, for appellant.

Garard & Moehle, of Oregon, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

Complaint for administrative review was filed on July 11, 1973, to review a decision of the defendant Board of Education of Byron Community Unit School District No. 226, Ogle County, Illinois, made June 25, 1973, after a hearing held May 30, 1973.

After a hearing, an order was entered by the circuit court of Ogle County on November 2, 1973, affirming the decision of the Board. The plaintiff Jane Yesinowski brings this appeal to set aside the order of the circuit court and seeks reinstatement as a teacher.

The plaintiff had been employed by the Board for 4 years and had attained contractual continued service status (tenure) by virtue of the provisions of article 24 of the School Code.

On March 29, 1973, the superintendent sent a letter to the plaintiff advising her that the Board had voted unanimously not to renew her teaching contract for the school year 1973-1974.

The reasons given in the letter for the action of the Board were as follows:

"(1) Lack of discipline in the classroom. You have allowed students to behave in the classroom in such a manner that the general atmosphere that prevails is not conducive to a good learning situation.

(2) Your own attitude towards the situation is even worse now than it has been in the past.

(3) Based on the reports received students in your class are not receiving the extra help they need. This is still especially true with the group of students who are not math-oriented. Your failure to communicate with students has been very evident.

(4) You have done very little in incorporating new approaches to your teaching techniques that might help the discipline of your classes by maintaining the interest of the students."

A bill of particulars was requested and provided as follows:

"*Charge No. 1*—Lack of discipline in the classroom

A. General observations made by Mr. Parks, principal, revealed an atmosphere that was not conducive to good learning. Mr. Parks' evaluation is based on formal visits he made to your classes in November and December of 1972 and February

and March of 1973, and is also based on informal observations he made of your classes while performing his duties as principal.

B. Excessive number of discipline problems eminating from your classes as shown by discipline reports that began on Friday, September 1, 1972 and has, as of the writing of this Bill of Particulars, reached a total in excess of 55 such reports which far exceeds the normal discipline problems from a classroom. The types of problems are basically those that should be handled by the average classroom teacher.

C. On Friday, December 15, 1972, during a conference with Mr. Zarcoff, Unit Superintendent, and Mr. Parks, Principal, you admitted that the discipline in your classes had not improved since the last conference. You stated that, if anything, it had gotten worse, especially in the classes for the slower learner.

*Charge No. 2*—Your own attitude toward your deficiencies as a classroom teacher indicated that you felt little could be done to improve matters. This was brought out not only in the conferences held to discuss these problems, but also in your reluctance to meet with the administration so that a discussion could be held.

*Charge No. 3*—Students in your class have had difficulty in receiving extra help in mathematics from you when needed. Complaints from both students and parents to Mr. Parks, principal, your own attitude toward offering this extra help verifies this charge.

*Charge No. 4*—You have done very little in changing your teaching techniques in an effort to help correct this situation. Various ideas and suggestions have been made to you by Mr. Parks and Mr. Zarcoff, including offers to buy new materials and even replacing the current textbooks. You chose not to use these ideas and suggestions which was felt would be helpful in creating a better atmosphere for learning in your classroom."

On May 30, 1973, a hearing was held before the Board, at which time testimony was taken concerning the dismissal. At the hearing the attorney for the plaintiff moved to dismiss the action. The basis of the motion was that the Board had failed to give warning. The motion was not granted and the hearing proceeded.

■■ During the hearing, on at least nine separate occasions when the attorney for the plaintiff raised objections to questions asked by the attorney for the Board, the defendant's attorney either ruled on the ques-

tion himself or instructed the Board to rule on the matter in a particular manner.[1]

The hearing to dismiss the plaintiff was held May 30, 1973. The decision of the Board was rendered June 25, 1973, 24 days after June 1, 1973, which was the end of the 1972-1973 school term.

Under the provisions of the Administrative Review Act, this court in reviewing the decision of the circuit court in this case is confronted with two questions: (1) Does the record show that the steps and procedures required by law were taken, and (2) if so, is or is not the decision of the Board against the manifest weight of the evidence? *Waller v. Board of Education,* 13 Ill.App.3d 1056; *Reinhardt v. Board of Education,* 19 Ill.App.3d 481.

The first issue on appeal is whether the Board had jurisdiction to act in this matter. The School Code provides that a tenured teacher may be removed or dismissed from his position for cause and upon charges by a school board which follows the procedural steps set forth in the statute. A tenured teacher may be dismissed only if the school board, when the charges are remediable, first supplies the teacher with a written warning:

> "Before service of notice of charges on account of causes that are considered remediable, the teacher shall be given reasonable warning in writing, stating specifically the causes which, if not removed, may result in charges." Ill. Rev. Stat. 1971, ch. 122, par. 24—12.

■■ If the written notice is not properly served, it follows that the board's actions were not within the contemplation of the statute, and therefore void *ab initio. Miller v. Board of Education,* 51 Ill.App.2d 20, 29.

It is conceded that no written warning was given in the instant case. The plaintiff contends that the charges were remedial; the Board says they were not.

The courts of this State have clearly ruled that problems of discipline and class control are remediable grounds for dismissal which entitle tenured teachers to a written warning. *Smith v. Board of Education,* 19 Ill.App.2d 224; *Wells v. Board of Education,* 85 Ill.App.2d 312, 322; 33 I.L.P. *Schools* § 265.

However, if defects which are remedial in nature continue for a long enough period of time and where the teacher refuses or fails to remedy

---

[1] See *Miller v. Board of Education,* 51 Ill.App.2d 20, 3-38, for the recommended practice. The problem of ruling upon objections, procedural points and other legal matters is most fairly solved if the board retains another, independent attorney to advise the board on such matters.

them, they have been considered irremedial. *Glover v. Board of Education*, 21 Ill.App.3d 1053.

In *Waller v. Board of Education*, 13 Ill.App.3d 1056, 1058, the court said, "We consider the right of a teacher to be informed about causes that are remediable and to have an opportunity to correct such causes as extremely important and one that goes to the heart of the tenure system. We do not believe that a record which fails to show that the board took proper cognizance of this provision is sufficient." The court stated that there must be a showing that the Board, (1) not only make a determination regarding the remediability of causes but also, (2) *express its reasons for such determination in such fashion that the reviewing court can pass judgment on them.* (Emphasis supplied.) *Waller* was followed by *Reinhardt v. Board of Education*, 19 Ill.App.3d 481, 484, which adopted the same conclusion and was also cited with approval in *Everett v. Board of Education*, 22 Ill.App.3d 594, 599. Obviously, a valid determination of the issue of remediability is of primary importance.

■■ The only mention of remediability in the record of the instant case is the conclusory finding by the Board in its resolution adopted June 25, 1973.

> "7. That the causes resulting in the notice of charges being made against Jane Yesinowski were not of a remedial nature within the meaning of Section 24—12 of the School Code and therefore the warning notice provision of said Section is inapplicable to this matter."

There is nothing in the record to indicate that remediability was considered at any other time and there is no statement in the record of the reasoning supporting this determination. For the Board to have found the causes irremediable under current interpretation of the statute, they must find that damage had been done to the students, the faculty or the school itself, and *the damage could not have been corrected if warnings had been given by the teacher's superiors when they learned of the cause.* (Emphasis supplied.) *Reinhardt v. Board of Education; Wells v. Board of Education*, 85 Ill.App.2d 312, 315.

As to the charges concerning teaching:

Joseph Parks, principal of the school, testified he had no question about her competency as a math teacher and what he was really referring to was individual discipline problems. He further testified he would not criticize anything about her teaching methods; that the problem she had was entirely disciplinary. There was no showing that a student or parent had complained to Mr. Parks concerning a failure to receive extra help. He had suggested that the plaintiff use work sheets as opposed to board

work and she had followed his instructions. He had suggested that she use the overhead and she immediately used it.

Superintendent Zarcoff testified that he had never visited plaintiff's classroom but had a conference regarding discipline of slow learners on September 20, 1972, at her request and one on December 15, 1972, when he called a meeting with the teacher and Mr. Parks. He made suggestions of a game approach to teaching math to intrigue the slow learners. She was receptive to the conversation but he didn't know if she followed his suggestion as his only observation of the plaintiff was limited to the conferences and reports received from the principal.

The guidance counsellor, Michael Flick, testified as to one casual conversation with the plaintiff in the school lunch room where she asked him about discipline.

Jeff Melin, an eighth-grade student who made A's in math once asked for extra help and was told that he was capable of working it out by himself. He said her class was noisier than other classes.

Jane Baker another student testified that plaintiff would most always give her help. Sometimes she would tell students to figure it out for themselves. Her class was louder and noisier than other classes.

There were no other witnesses against the plaintiff. We think it apparent that the findings concerning her teaching are against the manifest weight of the evidence.

■■ Since we are of the opinion that the deficiencies were of a remedial nature; and since written notice was therefore required to be given; and since such written notice was not given in accordance with statute, the order of the trial court affirming the decision of the Board is reversed and remanded with directions to reverse the decision of the Board.

Reversed and remanded with directions.

RECHENMACHER, P. J., and T. MORAN, J., concur.