LAURI BUCHNA, Petitioner-Appellant, v. ILLINOIS STATE BOARD OF EDUCATION *et al.*, Respondents-Appellees.

Third District  No. 3—02—0404

Opinion filed August 27, 2003.

Sandra J. Holman (argued) and Mitchell E. Roth, both of Illinois Education Association-NEA, of Springfield, for appellant.

Scott A. Brunton (argued) and Dennis R. Triggs, both of Miller, Hall & Triggs, of Peoria, for appellee Board of Education of Illinois Valley Central Unit School District No. 321.

Lisa Madigan, Attorney General, of Chicago (Jerald S. Post, Assistant Attorney General, of counsel), for other appellees.

JUSTICE HOLDRIDGE delivered the opinion of the court:

Lauri Buchna, a third-grade teacher for the Illinois Valley Central Unit School District No. 321 (District), was terminated for failing to successfully remediate under Article 24A of the School Code (Code) (105 ILCS 5/24A—1 et seq. (West 1996)). She sought administrative review before a hearing officer appointed by the Illinois State Board of Education. The hearing officer affirmed the District's termination decision. Buchna then appealed to the Peoria County circuit court, which confirmed the hearing officer's decision. She now brings this appeal, claiming: (1) the hearing officer applied an incorrect legal standard in upholding her termination, (2) the evidence does not support the hearing officer's decision, and (3) the circuit court's order is against the manifest weight of the evidence and contrary to law. We reverse.

## BACKGROUND

Section 24A—1 of the Code "requir[es] that all certified school district employees be evaluated on a periodic basis and that the evaluations result in remedial action being taken when deemed necessary." 105 ILCS 5/24A—1 (West 1996). Buchna was evaluated during the 1997-98 school year and received a rating of "Does not Meet District Expectations." The only other rating available in the District's evaluation scheme was "Meets or Exceeds District Expectations." Because of her rating, Buchna was placed on a one-year remediation plan.

The plan called for remediation in 10 areas where Buchna had been found deficient during her evaluation. The District issued four quarterly reports during the remediation period. In its first two reports, the District gave Buchna an overall rating of "Does not Meet District Expectations." In its third report, the District failed to give an overall rating; but the fourth report again specified an overall rating of "Does not Meet District Expectations." The District thus terminated Buchna's employment, and she sought administrative review of the decision.

During the proceedings before the hearing officer, Buchna moved for a directed verdict on several grounds. One of her claims was based on subsection 24A—5(c) of the Code, which required the District to

conduct its pre-remediation evaluation using three ratings: excellent, satisfactory, and unsatisfactory. 105 ILCS 5/24A—5(c) (West 1996). Since the District's evaluation scheme only used two ratings ("Meets or Exceeds District Expectations" and "Does not Meet District Expectations"), and since the ratings did not follow the statutory terminology, Buchna argued that her termination was improper because the District failed to comply with the mandatory language of subsection 24A—5(c). The hearing officer denied the motion for a directed verdict, stating that the District had substantially complied with subsection 24A—5(c). The circuit court confirmed the hearing officer's decision in its entirety, finding that the decision was neither against the manifest weight of the evidence nor contrary to law.

## ANALYSIS

■ In her first claim, Buchna argues that the hearing officer erroneously applied a substantial compliance standard. She contends that the officer was required to "strictly construe," *inter alia*, "[the District's] statutory obligation to prove *** the legality of [its] evaluation plan." Of course, this claim involves a question of statutory construction. When construing a statute, our primary objective is to effectuate the legislature's intent. *In re C.W.*, 199 Ill. 2d 198 (2002). We first turn to the statute's language—the most reliable indicator of legislative intent. *Yang v. City of Chicago*, 195 Ill. 2d 96 (2001). Where that language is clear and unambiguous, we apply the statute as written without resorting to other aids of construction. *C.W.*, 199 Ill. 2d 198. Our review is *de novo*. *C.W.*, 199 Ill. 2d 198.

■ In the instant case, the relevant statutory language appears in section 24A—5, which reads:

"Evaluation of teachers whose positions do not require administrative certification shall be conducted by an administrator qualified under Section 24A—3 *** and shall include at least the following components:

* * *

(c) rating of the teacher's performance as 'excellent', 'satisfactory' or 'unsatisfactory'.

* * *

(f) within 30 days after completion of an evaluation rating a teacher as 'unsatisfactory', development and commencement by the district *** of a remediation plan designed to correct deficiencies cited, provided the deficiencies are deemed remediable. ***

(g) participation in the remediation plan by the teacher rated 'unsatisfactory', a district administrator qualified under Section 24A—3 ***, and a consulting teacher *** of the

teacher who was rated 'unsatisfactory', which consulting teacher is an educational employee \*\*\*, has at least 5 years' teaching experience and a reasonable familiarity with the assignment of the teacher being evaluated, and who received an 'excellent' rating on his or her most recent evaluation. \*\*\* \*\*\*

(h) quarterly evaluations and ratings for one year[1] immediately following receipt of an 'unsatisfactory' rating of a teacher for whom a remediation plan has been developed; \*\*\*

(i) \*\*\* reinstatement to a schedule of biennial evaluation for any teacher who completes the 1-year remediation plan with a 'satisfactory' or better rating, unless the district's plan regularly requires more frequent evaluations; \*\*\*

(j) dismissal \*\*\* of any teacher who fails to complete any applicable remediation plan with a 'satisfactory' or better rating." 105 ILCS 5/24A—5(c), (f) through (j) (West 1996).

This language clearly states that use of the three-tiered rating system from subsection 24A—5(c) is mandatory. Yet the District has gone to great lengths to convince us that the mandatory word "shall" really only means "may." We decline to adopt this position. As noted above, if a statute's language is clear and unambiguous, we will interpret the statute according to its plain meaning without resorting to other aids of construction.

In the fourth paragraph of section 24A—5, the legislature wrote:

"The plan *may* provide for evaluation of personnel whose positions require administrative certification by independent evaluators not employed by or affiliated with the school district. The results of the school district administrators' evaluations *shall* be reported to the employing school board \*\*\*." (Emphasis added.) 105 ILCS 5/24A—5 (West 1996).

By using both the words "may" and "shall" in adjoining sentences, the legislature demonstrated independent signification of permissive and mandatory scenarios. Then in the very next sentence the legislature applied the mandatory word "shall" to subsection 24A—5(c), which requires school districts to give teachers one of three ratings: excellent, satisfactory, or unsatisfactory. The directive is clear and unambiguous. The legislature even enclosed each rating in quotation marks to unmistakably articulate the required categories. Yet in the instant case, the District ignored the requirements and evaluated Buchna under a scheme using only two ratings—neither of which employed the statutory language.

---

[1]In 1998 the legislature changed the one-year period to 90 days (see 105 ILCS 5/24A—5(h) (West 1998)), but Buchna proceeded under the District's one-year plan.

█ The remediation and dismissal provisions of section 24A—5 only apply to teachers who have received an "unsatisfactory" rating. Since Buchna never received that rating, she was never rightfully subject to remediation, and her dismissal was improper.

We appreciate the District's argument that its two ratings essentially represent the legislature's three ratings (with "Meets or Exceeds District Expectations" being a combination of "excellent" and "satisfactory," and "Does not Meet District Expectations" being "unsatisfactory"). We have also considered the District's various other arguments (e.g., that Buchna was not prejudiced by its two-tiered rating system). However, these arguments sidestep the threshold issue of noncompliance. We simply cannot sanction disregard for clear statutory directives.

Aside from the simple issue of compliance, such disregard threatens the legislature's intended application of section 24A—5. For instance, the requisite consulting teacher must have "received an 'excellent' rating on his or her most recent evaluation." 105 ILCS 5/24A—5(g) (West 1996). This provision signals the legislature's intent to exclude mere "satisfactory" teachers from being consulting teachers. Yet the District's rating scheme does not distinguish between "satisfactory" and "excellent" teachers. Thus, when a consulting teacher is chosen from the District's highest rated teachers, there is still a question of whether that teacher meets the legislature's prescribed criteria.

Nevertheless, the District argues that it was only required to substantially comply with the procedures of section 24A—5. The District supports this argument by citing the following statement from the Appellate Court, Fifth District:

> "When this court reviews any decision of a circuit court which has handed down an opinion under the Administrative Review Act it is confronted with two questions: (1) Does the record show that the steps and procedures required by law were taken, and (2) If so, is or is not the decision of the board or administrative agency against the manifest weight of the evidence? If, upon examination of the record regarding the first question, the court concludes that there were failures or omissions which *substantially affect* the rights of the party against whom the proceedings are taken, it has no choice but to reverse." (Emphasis added.) *Waller v. Board of Education of Century Community Unit School District No. 100*, 13 Ill. App. 3d 1056, 1058 (1973).

The *Waller* court did not cite any authority for this proposition. Furthermore, the issue in *Waller* was different from the issue presently before us. The facts of the instant case invoke clear and

unequivocal statutory language, and we are obligated to effectuate that language.

Section 24A—5 only authorizes remediation if certain requirements are followed. The Board lost its remedial authority when it failed to comply with one of those requirements. The legislature meant what it said when it used the mandatory word "shall." This conclusion is further supported by the last sentence of section 24A—5, which reads: "Failure to strictly comply with the time requirements contained in [this section] shall not invalidate the results of the remediation plan." 105 ILCS 5/24A—5 (West 1996). The need to disavow a strict compliance standard in this specific instance signals that the standard is otherwise generally applicable.

Finally, the District places much weight on the fact that its two-tiered rating system resulted from collective bargaining with the teachers' union. Since such bargaining is mandatory on procedural matters (see 105 ILCS 5/24A—4 (West 1996); 115 ILCS 5/10(a) (West 1996); see also *Alton Education Ass'n v. Alton Community Unit School District No. 11*, 9 Pub. Employee Rep. (Ill.) par. 1085, No. 88—C—0032—S (IELRB May 25, 1993)), the District argues that the resulting agreement is valid despite the clear directive in subsection 24A—5(c) of the Code. We disagree.

The mere fact of mandatory bargaining does not authorize parties to contravene subsection 24A—5(c), or any other statute, in the process. See 115 ILCS 5/10(b) (West 1996) (stating that parties to collective bargaining shall not implement a provision that is inconsistent or conflicts with any statute). Parties wishing to engage in such action must first obtain a waiver under section 2—3.25g of the Code. 105 ILCS 5/2—3.25g (West 1996). However, when the District's agreement was formulated, section 2—3.25g did not allow variance from legislative mandates prescribed in the Code. See 105 ILCS 5/2—3.25g (West 1994) (applying the waiver provision only to administrative rules and regulations promulgated by the Illinois State Board of Education). An avenue for such variance did not arise until a subsequent amendment by the legislature.

The District's departure from subsection 24A—5(c) was unauthorized at its inception, and the departure remains unauthorized because the District has not since procured a legitimizing waiver.

Since our holding on Buchna's first claim disposes of the case, there is no need to address her remaining claims. The hearing officer's decision affirming her termination is reversed.

Reversed.

SLATER and BARRY, JJ., concur.