497 P.2d 968

Hoover WIMBERLY, Relator-Appellee and Cross-Appellant,

v.

NEW MEXICO STATE POLICE BOARD et al., Respondents-Appellants and Cross-Appellees.

No. 9400.

Supreme Court of New Mexico.

May 26, 1972.

Rehearing Denied June 14, 1972.

David L. Norvell, Atty. Gen., Joyce Blalock, Agency Asst. Atty. Gen., Santa Fe, for appellants.

Standley, Witt & Quinn, Santa Fe, for appellee.

OPINION

McMANUS, Justice.

This suit was brought in Santa Fe County District Court to restore relator-appellee, hereinafter called Wimberly, to his position as a lieutenant colonel of the New Mexico State Police. The suit was against the New Mexico State Police Board, the Members of the Board and the Chief of the New Mexico State Police who are respondents-appellants in this cause. They will hereinafter be referred to as the Board. Following a trial to the court, the decision of the court was that the Board illegally demoted Wimberly from the rank of major to captain and further ordered Wimberly restored to the rank of major as of April 16, 1971. The Board appeals from this particular decision and Wimberly cross-appeals from the decision inasmuch as he was not restored to the rank of lieutenant colonel.

A history of events leading up to this matter before us is as follows: Wimberly became a member of the New Mexico State Police in February, 1952, and completed the requisite two-year probationary period in February, 1954. He then achieved permanent status as a New Mexico State Police officer. In August of 1956 Wimberly became a sergeant and in August, 1958, became a lieutenant. On August 16, 1962 Wimberly became a captain. On August 16, 1967 he was appointed to the rank of major and on August 16, 1969 he was appointed a lieutenant colonel. On April 1, 1970, Wimberly was reduced to the rank of major and on April 2, 1971, was reduced to the rank of captain. There was no protest concerning the reduction to major but upon the reduction to captain a hearing was demanded culminating in the district court hearing and, ultimately, this appeal.

■ Wimberly attacks, his reductions in rank as being "demotions" and that inasmuch as specific written charges and attendant hearings were not held, such demotions do not comply with the applicable New Mexico statutes. A look at the pertinent statutes is now in order. We quote them, as follows:

"The New Mexico state police shall consist of a chief of the state police, such patrolmen, sergeants, lieutenants and captains, as the police board may deem advisable within the limits of the funds appropriated for the state police; Provided, however, that the number of captains, lieutenants and sergeants shall not exceed 25% of the total number of said police, exclusive of the chief, but this requirement shall not be interpreted so as to require the demotion of any member of the existing state police." § 39–2–3, N.M.S.A. (1953 Comp.).

"No member of the state police holding a permanent commission shall be removed from office, demoted or suspended except for incompetence, neglect of duty, violation of a published rule of conduct, malfeasance in office, or conduct unbecoming an officer, and only on specific written charges filed with the police board with timely and adequate notice thereof to the person charged, and after a hearing on such charges by the police board. * * *." (The balance of the section discusses the procedures necessary to insure proper and impartial hearings.) § 39–2–11, N.M.S.A. (1953 Comp., 1971 Pocket Supp.).

"The New Mexico state police board shall have authority to make and promulgate rules and regulations for the purpose of carrying out the provisions of this article (New Mexico Compilation of 1941 chapter 40, article 2 [39–2–1 to 39–2–26]). Said board shall establish by rules, from time to time, standards of conduct for members of the New Mexico state police and a copy thereof shall be delivered to each such member and displayed at each station of said department. Such rules shall be filed with the librarian of the Supreme Court library pursuant to New Mexico Compilation of 1941, section 3–713 [4–10–13] as amended." § 39–2–21, N.M.S.A. (1953 Comp.).

Section 39–2–2, N.M.S.A. (1953 Comp.) provides: .

"Said department shall be managed and controlled by the New Mexico state police board, * * *."

Following, and effective on May 28, 1970, the Board adopted a regulation providing that "all ranks above captain will be appointments and not permanent."

■ Until 1967, the New Mexico State Police had no military ranks except those specifically listed in § 39–2–3, supra: patrolman, sergeant, lieutenant, captain and chief. From that time the New Mexico State Police has utilized the ranks of major and lieutenant colonel. The officers who held these ranks were given additional salary and emoluments, but these ranks, according to the record, were considered by the board and the department to be temporary. Wimberly's adjustments in rank from captain to major and major to lieutenant colonel were not promotions as such but were temporary advancements within the framework of administration of the New Mexico State Police. It is our opinion that both Chief Vigil and the Board acted within the scope of their authority under the laws of the State of New Mexico. See Tafoya v. New Mexico State Police Board, 81 N.M. 710, 472 P.2d 973 (1970), holding: "The statutes governing the State Police Department reflect an obvious, well-knit effort to establish a comprehensive plan of administration. In part, they provide that the department shall be 'managed and controlled by the New Mexico state police board' * * *." In Winston v. New Mexico State Police Board, 80 N.M. 310, 454 P.2d 967 (1969), we said, "* * * It is, of course, a fundamental principle of administrative law that the authority of the agency. is not limited to those powers expressly granted by statute, but includes, also, all powers that may fairly be implied therefrom. * * *" The

changes in rank affecting Wimberly were made by the executive officer of the State Police and were approved by the Board. The procedures of advancement and reduction in rank such as we have in this cause enable the Chief to shift key personnel to positions where their interest and ability are used to best advantage. Administrative boards are created by legislative enactments. Such boards are required to interpret the statutes to carry out legislative purpose and objectives. It is apparent that the adjustments in Wimberly's rank from captain to major and major to lieutenant colonel were temporary advancements in keeping with proper administrative procedures and served to expedite the work of State Police department. We see no abuse of discretion by the Board or the Chief.

The cross-appeal is denied.

The judgment of the trial court is reversed. It is so ordered.

COMPTON, C. J., and STEPHENSON, J., concur.