BEULAH E. JONES, Plaintiff-Appellee, *v.* Dr. JOSEPH P. HANNON, General Superintendent of Schools of the City of Chicago *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 77-729

Opinion filed March 15, 1978.

Michael J. Murray, of Chicago (Richard E. Girard and Earl B. Hoffenberg, of counsel), for appellants.

Ancel, Glink, Diamond & Murphy, of Chicago (Ronald S. Cope, of counsel), for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

At issue in this appeal is the interpretation and application of the time periods contained in section 34—85 of the Illinois School Code (Ill. Rev. Stat. 1975, ch. 122, par. 34—85) (the statute) and of Rule 4—30 of the Chicago Board of Education (the Board). The statute which deals with removal of teachers and principals for cause provides so far as pertinent to this case:

"No teacher or principal * * * shall * * * be removed except for cause, and then only by a vote of a majority of all members of the board, upon written charges presented by the general superintendent of schools, to be heard by the board or a duly authorized committee thereof. Written notice of such charges shall be served upon the teacher or principal not less than 20 nor more than 30 days before the date of hearing. * * * The hearing shall be held and the decision rendered within 80 days from the date of service of the notice; provided however, that continuances of said hearing granted at the request of the teacher or principal shall not be included in computing this 80 day period. * * * Pending the hearing of the charges, the person charged may be suspended in accordance with rules prescribed by the board but such person, if acquitted, shall not suffer any loss of salary by reason of the suspension."

The rule provides:

"The General Superintendent * * * shall have authority to suspend * * * pending trial as provided by statute, any member of the teaching force whenever, in his judgment, such action is warranted and advisable. A report in writing of such suspension, stating the grounds therefor, and signed by the General Superintendent * * * shall be sent to the person so suspended."

On January 3, 1976, plaintiff Beulah Jones, a long-time employee of the Board, was served with a notice by the Superintendent reading:

"Pursuant to Section 34—85 of The School Code and Section 4—30 of the Rules of the Board of Education of the City of Chicago, you are hereby notified that you are suspended from your duties as the principal of Coles Elementary School effective immediately *pending trial before a Trial Committee of the Board of Education of the City of Chicago as provided by statute on the charges of conduct unbecoming a principal in the Chicago Public Schools and failure to discharge your duties* and responsibilities as a principal in said school." (Emphasis added.)

On February 11, 1976, the Superintendent formally referred the matter to the Board when he made a report which stated in part:

"THE GENERAL SUPERINTENDENT OF SCHOOLS REPORTS that pursuant to the provisions of the statutes of the State of Illinois and the Rules of the Board of Education of the City of Chicago, *he has preferred charges against Beulah E. Jones, a principal in the Chicago Public Schools, charging said Beulah E. Jones with conduct unbecoming a principal in the Chicago Public Schools and failure to discharge duties and responsibilities as principal at Coles Elementary School.*

REPORTS that on January 3, 1976, the said Beulah E. Jones was suspended from the service by the General Superintendent of Schools pending trial on said charges." (Emphasis added.)

On February 25, 1976, the plaintiff was personally served with, and also received by certified mail, copies of charges and specifications. She was also notified on that date that a trial on these charges would commence on March 25, 1976, before a committee of the Board. The charges set forth in this notice were identical with those contained in the Superintendent's notice of January 3, 1976, and those set forth in his report to the Board on February 11, 1976. The specifications served on the plaintiff on February 25, 1976, were not included in the Superintendent's prior notice to plaintiff.

The hearing began on March 25, 1976, and the Board's trial committee presented its report on May 12, 1976, recommending the plaintiff be discharged. The Board adopted that report on the same date.

The plaintiff contends that the time periods for hearing and decision are mandated by the statute and that they began to run on January 3, 1976, when the Superintendent first served notice on the plaintiff of the charges against her and of her suspension without pay. She argues that if January 3, 1976, is the date for triggering the time periods set forth in the statute, a hearing was not scheduled within the required 30 days from the plaintiff's receipt of notice of charges. She also maintains the decision was not rendered within 80 days from the date of service of the notice, as is also required by statute.

The Board, on the other hand, contends that the notice served on January 3, 1976, did not start the time periods provided for in the school code. The Board's position is that the Superintendent had the discretion under its rule 4—30 to suspend the plaintiff without pay, and although neither the statute nor the rule permits suspension for an indefinite period, they do allow suspension for a reasonable period of time before any hearing is scheduled by the Board. The Board contends its interpretation does not start the statutory times for the hearing date and the decision date running until the Board fixes a date for a suspended employee's trial and serves the employee notice of the trial date and the charges.

In the plaintiff's administrative review action, the circuit court found that the statute required the hearing be commenced within 30 days of the January 3, 1976 notice and the decision rendered within 80 days of that date. The court also held that because the Board did not proceed within the time frame provided by statute, the Board had no authority to dismiss the plaintiff. The circuit court's reading of the statute was correct and its judgment reinstating the plaintiff as a principal with full back salary should be affirmed.

A statute should be construed in a way which is in harmony with the object of the statute and the evil to be remedied. (*Lincoln National Life Insurance Co. v. McCarthy* (1957), 10 Ill. 2d 489, 140 N.E.2d 687.) If a statute is susceptible of being construed in more than one way, it should be given the interpretation which will carry out its purpose or object. (*Scofield v. Board of Education* (1952), 411 Ill. 11, 103 N.E.2d 640.) A tenured teacher is entitled to a construction of the tenure laws consistent with the prime purpose of providing him with maximum protection. *Donahoo v. Board of Education* (1952), 413 Ill. 422, 109 N.E.2d 787; *Szkirpan v. Board of Education* (1975), 29 Ill. App. 3d 1047, 331 N.E.2d 863; *Reinhardt v. Board of Education* (1974), 19 Ill. App. 3d 481, 311 N.E.2d 710.

■■ Because the statute in question is designed to expedite the disposition of charges against an employee and to protect the employee from arbitrary and capricious delay by the Board, the procedures and time periods set forth in the statute should be interpreted as mandatory rather than directory. *Springfield-Sangamon County Regional Planning Com. v. Fair Employment Practices Com.* (1978), 71 Ill. 2d 61, 373 N.E.2d 1307; *Smith v. Board of Education* (1977), 52 Ill. App. 3d 647, 367 N.E.2d 296; *Parsons v. Civil Service Com.* (1977), 50 Ill. App. 3d 519, 365 N.E.2d 544; *Epstein v. Civil Service Com.* (1977), 47 Ill. App. 3d 81, 361 N.E.2d 782; *Szkirpan.*

The disposition of this appeal, then, turns on when written notice of the charges against the plaintiff was served upon her. As pointed out above, the Superintendent served the plaintiff with written notice of charges against her on January 3, 1976. The charges against the plaintiff which the Superintendent reported to the Board on February 11, 1976, repeated verbatim the January 3 charges, as did the charges served on the plaintiff on February 25, 1976. Four items labeled "SPECIFICATIONS" were set forth in the February 11 report and in the February 25 notice under a paragraph entitled "CHARGES." In general terms the specifications alleged that the plaintiff harassed and intimidated members of the school staff, and that she failed to supervise and instruct inexperienced teachers and staff, to turn in summer school forms and principal's monthly summaries, to maintain discipline in the Coles School, and to follow the directions of her superiors for the improvement of her performance as a principal.

The statute does not state that the statutory period is started by the service of specifications; in describing the time sequences to be adhered to, the statute refers only to the service of charges. The specifications which were served on the plaintiff were in the nature of a bill of particulars, and if the Board or Superintendent believed that fairness

required the plaintiff be provided with the specifications, these could have been served on the plaintiff during the 20- to 30-day period after charges were served on January 3, 1976.

■■ Under the statute and the Board's rule covering suspension, the Superintendent is empowered to suspend an employee against whom charges are brought. However, the Superintendent is required to state in writing, as the Superintendent here did, on January 3, 1976, the charges which are being preferred and on which the suspension is based. Under the statutory scheme, the hearing here should have been held not less than 20 nor more than 30 days after written notice of the charges was served on the employee on January 3, 1976, regardless of when the specifications were served. The decision should have been rendered within 80 days from that date. This interpretation of the statute protects a tenured teacher against indefinite suspension while the teacher waits for the Board to provide a hearing and reach a decision. (*Smith.*) The Board contends its interpretation would permit a suspension only for a reasonable time before a hearing and decision. However, as the plaintiff correctly responds, an interpretation which confers power on the Board or the Superintendent to suspend a principal from her position and withhold her salary, and then leaves the decision to grant a hearing entirely within the Board's discretion as to what is a "reasonable" time deprives the employee of the protection of the statute. Although the Board answers that if employees are restored to duty back pay is awarded, back pay is not sufficient to restore employees to the position they enjoyed prior to the suspension because a suspension with the attendant stoppage of income results in immediate detriment. Trying to pay bills and maintain one's self and meet family obligations without a salary is a serious problem for an employee, regardless of any future compensation which might be gained as restitution, and delay in disposing of the charges on which suspensions are based also prejudices employees by keeping them in the dark as to whether they have a need to search out other employment. *McReynolds v. Civil Service Com.* (1974), 18 Ill. App. 3d 1062, 1066, 311 N.E.2d 308.

■■ The attorney for the Board argues that as a matter of custom the Board has consistently followed the procedures applied with respect to the plaintiff. This does not establish, however, that what the Board has been doing is sanctioned by statute. *Scanlon v. Faitz* (1978), 57 Ill. App. 3d 649, 373 N.E.2d 614.

In addition, the defendants point out that it is not always possible for the Board, which consists of non-salaried appointees of Chicago's mayor, or a committee of the Board to be available within 20 to 30 days of a suspension to hold a hearing. Because Board members may not be available, the Board maintains that it requires greater flexibility in setting

a hearing date. There is no leeway under the statute to accommodate the members of the Board in this regard. If our interpretation of the statute and Board rule results in substantial inconvenience to the Board members in fulfilling their responsibilities, the remedy lies with the legislature and not the courts.

The Board failed to hold a hearing in this case not more than 30 days after January 3, 1976, and to render its decision within 80 days from that date. Consequently, it had no authority to dismiss or remove the plaintiff.

Judgment affirmed.

JIGANTI, P. J., and McNAMARA, J., concur.