The State, ex rel. Local 330, Akron Fire Fighters
Assn., AFL-CIO, et al., Appellees, *v.* City of Akron
et al., Appellants.

(No. 77-1492—Decided June 28, 1978.)

Mr. *Edward C. Maher,* for appellees.

Mr. *John E. Holcomb,* director of law, Mr. *Randall A. Cole,* and Mr. *Edward J. Riegler,* for appellants.

*Per Curiam.* As set forth in *State, ex rel. National City Bank,* v. *Bd. of Education* (1977), 52 Ohio St. 2d 81, at page 84, before relators may obtain a writ of mandamus, they must show ''(1) that they have a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relators have no plain and adequate remedy in the ordinary course of the law.''

The issue in this cause revolves around whether respondents have a clear legal duty to grant relators' request for a 10.7 percent salary increase beginning on April 1, 1977.

Section 70a provides that the salary of employees of the police and fire divisions ''will be adjusted in April of each year based upon data published by the Department of Labor, Bureau of Labor Statistics and the 'escalator' enacted by the City Council in December, 1966, being Ordinance No. 1103-1966, *and/or by negotiating with the Administrators of the City of Akron.''* (Emphasis added.)

The term ''and/or'' has been defined as ''* * * a function word to indicate that words are to be taken together or individually.'' Webster's Third New International Dictionary. Thus, the charter provision plainly allows three methods for accomplishing salary adjustments—the use of the index formula under city Ordinance No. 1103-1966, negotiations with the city administrators, or any combination of the above two methods.

Since any of the three methods for salary adjustments is available, it is clear that respondents were not under a clear legal duty to grant relators a 10.7 percent salary increase determined by the formula set forth by Ordinance No. 1103-1966.

The Court of Appeals placed great stress on the fact that the parties in the instant cause reached an impasse in

negotiations. In effect, the Court of Appeals held that irrespective of whether the respondents were willing to negotiate further in good faith, relators were entitled to their 10.7 percent salary increase. The words "and/or" employed in the charter provision preclude such a result.

Because there was no clear legal duty on the part of respondents to grant relators a salary increase determined by the formula prescribed by Ordinance No. 1103-1966, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.