THE STATE, EX REL. JUGUILON, APPELLANT, *v.* GUZZO, JUDGE, APPELLEE.

[Cite as State, ex rel. Juguilon, *v.* Guzzo (1983), 6 Ohio St. 3d 20.]

(No. 82-1720—Decided July 13, 1983.)

*Mr. Frank J. Kozelka,* for appellant.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. Patrick Carroll,* for appellee.

*Per Curiam.* A writ of mandamus may issue only where the relator shows (1) a clear legal right to the relief prayed for, (2) a clear legal duty upon respondent to perform the act requested, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Butler,* v. *Demis* (1981), 66 Ohio St. 2d 123, 124 [20 O.O.3d 121]; *State, ex rel. Akron Fire Fighters,* v. *Akron* (1978), 54 Ohio St. 2d 448, 450 [8 O.O.3d 443].

The underlying civil action was referred to arbitration pursuant to R.C. 2711.21 (A) which provides, in part: "Upon the filing of any medical claim as defined in division (D)(3) of section 2305.11 of the Revised Code, the controversy shall be submitted to an arbitration board consisting of three arbitrators to be named by the court. * * *" Appellant concedes that the pending action is a "medical claim" as defined in R.C. 2305.11 (D)(3). R.C. 2711.21 (A) imposes no duty upon appellee to dispense with arbitration and to proceed to trial.

Accordingly, the judgment of the court of appeals dismissing the complaint in mandamus is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.