THE STATE, EX REL. WEBB, APPELLEE, *v.* BOARD OF EDUCATION OF THE BRYAN CITY SCHOOL DISTRICT ET AL., APPELLANTS.

[Cite as State, ex rel. Webb, *v.* Bryan City School Dist. Bd. of Edn. (1984), 10 Ohio St. 3d 27.]

(No. 83-628—Decided March 21, 1984.)

*Gallon, Kalniz & Iorio Co., L.P.A., Mr. Ted Iorio* and *Ms. Tobie Braverman,* for appellee.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Mr. Robert T. Baker* and *Mr. Darin G. Kendall,* for appellants.

FORD, J. This case concerns the proper construction of R.C. 3319.16 regarding the Ohio termination procedure for teachers and other administrative personnel in public schools. It essentially presents two issues: first, whether the statute places a jurisdictional requirement on boards of education to conduct a hearing before a referee within thirty days of the employee's request; and second, if there is such a requirement, whether mandamus is the proper remedy to be employed in its enforcement.

With respect to the jurisdictional question, appellants submit that R.C. 3319.16 requires only that a board of education *schedule* a hearing to be held before a referee within thirty days of the teacher's request, and does not require that the hearing actually be commenced or concluded within that time. This claim is premised primarily on the assertion that the following language in R.C. 3319.16 is directory and not mandatory:

"* * * Within ten days after the receipt of the notice from the treasurer of the board, the teacher may file with the treasurer a written demand for a hearing before the board or before a referee, and the board shall set a time for the hearing which shall be within thirty days from the date of receipt of the written demand * * *."

The directory interpretation of the foregoing statutory language is consistent with the court's decision in *State, ex rel. Jones,* v. *Farrar* (1946), 146 Ohio St. 467 [32 O.O. 542], where, at paragraph three of the syllabus, this court discussed the criteria to be employed in interpreting this type of provision, as follows:

"As a general rule, a statute providing a time for the performance of an official duty will be construed as directory so far as time for performance is concerned, especially where the statute fixes the time simply for convenience or orderly procedure; and, unless the object or purpose of a statutory provision requiring some act to be performed within a specified period of time is discernible from the language employed, the statute is directory and not mandatory."

In reaching its decision to issue a writ of mandamus, the court of appeals below relied on the case of *Jones* v. *Hannon* (1978), 58 Ill. App. 3d 504, 374 N.E. 2d 834. This case involved the suspension of a school principal. The relevant statute, Illinois Revised Statutes (1975), Chapter 122, Paragraph 34-85, stated in part:

"* * * The hearing shall be held and the decision rendered within 80 days from the date of service of the notice * * *."

Paragraph 34-85 expressly required that the suspension hearing be conducted within the time period specified. Another portion of this Illinois statute further required that this hearing was to be conducted before a local board of education or a duly authorized committee thereof. There was no provision for the appointment of a referee.

Thus, the *Jones* case and the Illinois statute are distinguishable from their Ohio counterparts, and hence are inapposite to the case at hand. First, unlike the Illinios statute, there is no express language in R.C. 3319.16 or 3319.161 manifesting a legislative intent to deprive a board of education of the authority to proceed to terminate a teacher's contract where a hearing before a referee has not been commenced, conducted, or concluded within thirty days of the teacher's request for such hearing.

Moreover, the collateral Ohio section, namely R.C. 3319.11, is also inapposite. R.C. 3319.11, which deals with non-renewal of teaching contracts, discusses continuing contracts as follows:

"* * * If the board of education does not give such teacher written notice

of its action on the superintendent's recommendation of a limited contract for not to exceed two years before the thirtieth day of April, such teacher is deemed reemployed under a continuing contract at the same salary plus any increment provided by the salary schedule. * * *''

This language has been interpreted to mean that the failure by a school board to timely serve the teacher with notice of non-renewal deprives the board of its authority to bar renewal. See *State, ex rel. Peake,* v. *Bd. of Edn.* (1975), 44 Ohio St. 2d 119 [73 O.O.2d 437].

Second, the Illinois statute provides that the suspension hearing is to be held only before the board. Thus, in essence, in Illinois the board alone controls the mechanics of the hearing. In contrast, when teachers in Ohio elect to go forward with a hearing before a referee under R.C. 3319.16, it is the referee, and not the school board, who assumes responsibility for the conduct of the hearing, the granting of continuances, etc.

It is the duty of the Superintendent of Public Instruction, under R.C. 3319.161, to designate the list of eligible referee-designees, and to resolve a lack of concert by the parties as to a joint recommendation of one of the designees. The board has no control under R.C. 3319.16 or 3319.161 over the superintendent's timely selection of a referee, except to the extent that the board requests the superintendent for a referee and agrees on a selection from a list supplied by the superintendent. The record is clear in this case that the request by the board to the superintendent for a referee was timely. The fact that the designee list was not available on or before March 2, 1983 is not attributable to appellants' conduct here, or the lack of it. It would be a poor legislative intent that would penalize a party for the conduct of another legal entity which is beyond its control.

In fact, R.C. 3319.161 specifies no initial time within which the superintendent is to submit a list of designated potential referees to the board and the teacher. However, the statute does state that the superintendent "shall immediately designate three persons" and "shall immediately notify * * * the teacher, and the board * * *." This is so even though R.C. 3319.16 provides that the school board is to set the hearing no sooner than twenty, and not later than thirty, days following the teacher's request. Appellee's construction of these two statutory provisions would lead to the untenable conclusion that the failure to commence a hearing before the referee within thirty days would be jurisdictionally fatal, even though the board has no authority to compel the superintendent to provide a list of referee-designees in a time period compatible with the provisions of R.C. 3319.16. Such a result would deviate from accepted rules of statutory construction which direct that statutes should be construed in accordance with common sense and reason. For example, in *Crowl* v. *DeLuca* (1972), 29 Ohio St. 2d 53, at 58 [58 O.O.2d 107], this court, citing *Prosen* v. *Duffy* (1949), 152 Ohio St. 139 [39 O.O. 444], paragraph one of the syllabus, stated:

" 'A statute should be given that construction, unless such is prohibited by the letter of the statute, which will accord with common sense and reason and not result in absurdity or great inconvenience. * * *' "

A mandatory interpretation of the relevant language in R.C. 3319.16 could result in a requirement not only that the hearing be scheduled and commenced within thirty days of the employee's request, but also that it be completed within that time period. This would result in an onerous burden for school boards, since such hearings often cannot be completed within such a limited time period.

Appellee's reliance on this court's opinion in *Dorrian* v. *Scioto Conserv. Dist.* (1971), 27 Ohio St. 2d 102 [56 O.O.2d 58], is not definitive of the issue here with respect to the interpretation of the word "shall" in the pertinent language of R.C. 3319.16 under consideration. *Dorrian* essentially dealt with the question whether there was a mandatory duty to act, and not when the act was to be done. Also, *Dorrian* was more concerned with the legislative construction to be given the word "may" than with the word "shall." Thus, *Farrar* is more pertinent here than *Dorrian*.

Teacher tenure and dismissal laws have been likened to civil service laws. *State, ex rel. Bishop*, v. *Bd. of Edn.* (1942), 139 Ohio St. 427, 438 [22 O.O. 494]. An analogous statutory provision and its interpretation are enlightening on this subject. R.C. 124.34 provides the procedure for the termination of a classified civil service employee, and such employee's request for a hearing as follows:

"Within ten days following the filing of such order [for suspension or removal], the employee may file an appeal, in writing, with the state personnel board of review, or the commission. *In the event such an appeal is filed, the board or commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within thirty days from and after its filing with the board or commission * * *.*" (Emphasis added.)

An Ohio court, relying on the type of logic expressed in *Farrar, supra,* has held that the foregoing language in R.C. 124.34 pertaining to the thirty-day hearing was directory and not mandatory. *In re Bronkar* (1977), 53 Ohio Misc. 13 [7 O.O.3d 261]. In *State, ex rel. Smith,* v. *Barnell* (1924), 109 Ohio St. 246, this court applied a similar analysis to comparable city charter provisions.

This view in the civil service area is grounded in part on pragmatic considerations. Because of the great number of appeals before it, it would be literally impossible for the State Personnel Board of Review to administer all such hearings in a thirty-day period. Although a local school board would not be burdened by a great volume of hearing requests, most school boards perform many other time-consuming duties.

The civil service analogy fortifies the directory logic. Therefore, it is the conclusion of this court that the pertinent language contained in R.C. 3319.16 regarding hearing requirements is directory and not mandatory, and that a school board under this statute in a referee-requested hearing situation need only schedule the date for such hearing within thirty days of the receipt of the written demand from the teacher for such a hearing.

With respect to the question of availability of mandamus as a remedy to enforce such a hearing right, in order for a writ of mandamus to issue, a relator must establish that: (1) the respondent is under a clear legal duty to perform an official act; (2) the relator has a clear legal right to the relief requested; and (3) the relator has no plain and adequate remedy in the ordinary course of law. *State, ex. rel. Butler,* v. *Demis* (1981), 66 Ohio St. 2d 123, 124 [20 O.O.3d 121]; *State, ex. rel. McGarvey,* v. *Zeigler* (1980), 62 Ohio St. 2d 320 [16 O.O.3d 363]; *State, ex. rel. Akron Firefighters,* v. *Akron* (1978), 54 Ohio St. 2d 448, 450 [8 O.O.3d 443]; *State, ex. rel. National City Bank,* v. *Bd. of Edn.* (1977), 52 Ohio St. 2d 81, 84 [6 O.O.3d 288].

R.C. 3319.16 unequivocally provides for both administrative and judicial remedies and review of claims, which appellee could have exercised to advance his argument that the statute imposes a jurisdictional requirement on a public school board to conduct a hearing within the thirty days of the teacher's written request for a hearing before a referee. R.C. 3319.16 specifically provides for the normal due process safeguards in such hearings, including a right to appeal the board's decision to the court of common pleas.

In situations under civil service statutes, where claimants have asserted wrongful discharge, this court has held that the similar procedure provided under R.C. 124.34 provides those public employees with an adequate remedy at law, and has held that a writ of mandamus should not lie. *State, ex. rel. Cartmell,* v. *Dorrian* (1982), 70 Ohio St. 2d 128 [24 O.O.3d 236]; *State, ex. rel. Oliver,* v. *State Civil Service Comm.* (1959), 168 Ohio St. 445 [7 O.O.2d 275].

The issue of whether the hearing in this case was timely afforded could have been raised on appeal from an adverse order of the school board. This court has refused to consider, in a mandamus action, whether an accused was brought to trial within the applicable statutory time requirements when the issue could have been raised on appeal. *State, ex rel. Wentz,* v. *Correll* (1975), 41 Ohio St. 2d 101 [70 O.O.2d 196]; *State, ex. rel. Woodbury,* v. *Spitler* (1974), 40 Ohio St. 2d 1 [69 O.O.2d 42].

Here the appellee elected not to pursue the administrative and legal remedies available to him. Mandamus cannot be used as a substitute for available administrative or legal remedies, absent special circumstances. *State, ex. rel. Cartmell,* v. *Dorrian, supra; State, ex. rel. Cleveland,* v. *Calandra* (1980), 62 Ohio St. 2d 121 [16 O.O.3d 143].

Appellee's assertion that the administrative remedy and ensuing judicial appeal will be more time consuming, and create hardship pending the outcome has not otherwise been a sufficient basis for a writ of mandamus for other public employees similarly situated barring special circumstances. Nor is appellee's contention in effect that teaching employees should receive special treatment, over and above that of police or firemen, persuasive. Certainly, the latter public employees are especially necessary and important to the public welfare.

Appellants argue that the claims of the appellee should also be foreclosed on the grounds of waiver and estoppel principally because of appellee's

counsel's letter of February 17, 1983. The record here does not disclose clear and unequivocal conduct of a waiver of appellee's right to a hearing before a referee. *Karl Kiefer Machine Co.* v. *Henry Niemes, Inc.* (1948), 82 Ohio App. 310 [38 O.O. 20]. Nor does the record reflect any detrimental reliance by the appellants for purposes of estoppel. *In re First-Central Trust Co.* v. *Carter* (1944), 75 Ohio App. 1 [30 O.O. 258]. These contentions of appellants are without substance.

Thus, an aggrieved teacher or employee of a public school board has an adequate remedy at law under R.C. 3319.16 to seek redress for hearing rights that have been violated by a school board, and mandamus will not be a substitute for the foregoing legal remedy.

The judgment of the court of appeals is reversed.

*Judgment reversed.*

LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

CELEBREZZE, C.J., and W. BROWN, J., concur in judgment only.

FORD, J., of the Eleventh Appellate District, sitting for SWEENEY, J.