693 P.2d 1266

Marilyn REDMAN, Appellant,

v.

BOARD OF REGENTS OF the NEW MEXICO SCHOOL FOR the VISUALLY HANDICAPPED and the New Mexico State Board of Education, Appellees.

No. 7496.

Court of Appeals of New Mexico.

Nov. 8, 1984.

Certiorari Denied Jan. 14, 1985.

Albert J. Rivera, Alamogordo, Charles S. Solomon, Santa Fe, for appellant.

Paul G. Bardacke, Atty. Gen., Constance Reischman, Asst. Atty. Gen., Santa Fe, for appellees.

**OPINION**

MINZNER, Judge.

Appellant Marilyn Redman appeals a decision of the State Board of Education affirming her dismissal as a teacher at the New Mexico School for the Visually Handicapped (NMSVH). Her dismissal was based upon a determination that she wrote and widely disseminated an anonymous letter, which made false accusations of misconduct by NMSVH officials, and that this conduct had a material and detrimental effect upon Jerry Watkins, NMSVH superintendent, and NMSVH itself. We reverse.

Beginning in May 1981, Watkins had received copies of three anonymous letters, which made similar kinds of charges. The fourth anonymous letter, the letter in question, was received September 21, 1982 when a state legislator who had received a copy brought that copy to Watkins. A primary target of the letters' accusations, Watkins testified that he felt that the fourth letter demonstrated increased hostility and harshness, that he was devastated by this letter, and that he discussed the letter with the Board of Regents of NMSVH. At the direction of the Board, Watkins undertook an investigation. Writing samples were collected from school records and sent to two different documents examiners. Each concluded that Redman authored the letters. Redman was then served with notice of dismissal. Following a hearing, the Board of Regents upheld the dismissal.

Redman appealed to the State Board, which controls the public schools as provided by law. N.M. Const. art. XII, § 6(A). A hearing before the State Board was originally scheduled for May 23, within the sixty-day period following notice of appeal provided by statute. Under that statute the hearing was required to be held not later than June 1. *See* NMSA 1978, § 22–10–20(D) (Repl.Pamp.1984). NMSVH's attorney notified Redman of his intention to utilize discovery proceedings authorized by regulation. *See* State Board of Education (SBE) Reg. 78–3(III)(B) (1978). The attorney indicated that it would be impossible to complete discovery prior to the scheduled hearing. By letter of May 17, the hearing officer, acting upon the Board of Regents' request, rescheduled the hearing for June 29. After a conference call among the parties, the details of which are disputed, the hearing was rescheduled for June 6. On May 25, the State Board announced "confirmation" of the rescheduling to June 6.

The hearing began on June 6, 1983 and continued until June 8. It was continued over objections until June 15, and was then reset for July 1. It was once more reset for August 19, at which time some of Redman's witnesses were unable to attend. Both continuances were granted to permit NMSVH to submit Redman's polygraph charts to two experts and to allow these experts to testify. By a decision dated October 8, the State Board affirmed the decision of the Board of Regents. Redman appeals from the decision of the State Board.

Upon the appeal de novo to the State Board, it must determine whether there has been a prejudicial departure from the requisite procedures and whether the local board has established by a preponderance of the evidence sufficient cause for its decision. Section 22–10–20(A) to (I). Appeals from the State Board's decision to this court are governed by Section 22–10–20(J), which provides that we should affirm

the State Board's decision unless it is found to be (1) arbitrary, capricious, or unreasonable; (2) not supported by substantial evidence; or (3) otherwise not in accordance with law.

On appeal to this court Redman raises several issues. First, she argues that aspects of the State Board hearing either violated statutory restrictions on the Board's authority to review or denied her due process. As part of her claim of statutory violations, Redman contends the State Board had no authority to order discovery. Second, Redman argues that the Board of Regents did not establish a sufficient ground for dismissal because (1) there was insufficient evidence that she authored the letter, (2) assuming she authored the letter, that fact is not related to the purposes of the Certified School Personnel Act, and (3) the letter is speech protected by the first amendment.

We reverse on the ground that the State Board failed to observe mandatory statutory restrictions on its power to review. We hold that the initial delay in commencing the hearing and the subsequent delay in completing the hearing precludes the State Board's decision from being "in accordance with law." Section 22–10–20(J). The record indicates that the delays occurred because the hearing officer felt himself bound by the State Board's regulation governing discovery. Although we conclude that the local board's need for discovery, under the facts of this case, did not justify the failure to commence or complete the hearing within sixty days, we first discuss the validity of the discovery regulations and then the issue of the hearing's timeliness.

## I. USE OF DISCOVERY

Redman contends that the State Board, through its hearing officer, erred in requiring her to submit to discovery procedures prior to the adjudicatory hearing. The State Board relies upon SBE Regulation 78–3(III)(B), which authorizes discovery as provided in NMSA 1978, Civ.P. Rules 26–37 (Repl.Pamp.1980 and Cum.Supp.1984), but with some modifications. Redman denies the State Board's authority to issue such regulations, on the theory the regulations are inconsistent with the statutory language that "[t]he Rules of Civil Procedure shall not apply to the de novo hearing...." Section 22–10–20(E). There is no specific discovery authorization in the statute. *Cf.* NMSA 1978, § 61–1–8 (Repl.Pamp.1981) (Uniform Licensing Act); NMSA 1978, § 72–2–13 (State Engineer).

The State Board has the authority to adopt regulations governing the conduct of de novo hearings pursuant to NMSA 1978, Section 22–2–1 (Repl.Pamp.1981), which provides, "The state board may promulgate, publish and enforce regulations to exercise its authority granted pursuant to the Public School Code." Section 22–10–20 is part of the Public School Code. The authority of the agency in the rule- or regulation-making context is not limited to those powers expressly granted by statute, but includes all powers that may be fairly implied therefrom. *Wimberly v. New Mexico State Police Board*, 83 N.M. 757, 497 P.2d 968 (1972). The legislature has consistently provided for State Board review of the local board's disposition. The State Board may issue regulations appropriate to its statutory functions, including its adjudicatory function in reviewing local board actions.

Redman points out that the legislature explicitly authorized the State Board to promulgate regulations for the conduct of informal hearings by local boards in NMSA 1978, Section 22–10–19 (Repl.Pamp. 1984). She argues that the failure to include such an authorization in Section 22–10–20 indicates that the legislature did not intend for the State Board to adopt regulations which apply to the de novo hearings. We disagree. The legislative mandate in the prior section authorized the State Board to act in lieu of the local board; the legislature did not need to specify that the State Board was permitted to regulate its

own hearings. *See* § 22–2–1. The legislature's failure to provide express authority in the State Board does not persuade us that the Board lacked an implied power to issue the regulations in question.

■ Further, the particular regulations authorizing discovery are consistent with the State Board's review function as detailed by statute. The statute calls for a de novo hearing before the State Board. The State Board is to proceed with the action as if it had been originally commenced before the State Board. *Board of Education of City of Albuquerque v. New Mexico State Board of Education,* 88 N.M. 10, 536 P.2d 274 (Ct.App.1975). In a de novo proceeding the State Board is not limited to evidence previously presented. *Id.*

■ The Rules of Civil Procedure and the Rules of Evidence are made inapplicable in administrative proceedings not to restrict the discovery and presentation of evidence but to facilitate it. *In re Protest of Miller,* 88 N.M. 492, 542 P.2d 1182 (Ct. App.1975). Allowing discovery by regulation is consistent with this policy. *Id.* The discovery rules were adopted in the first place to eliminate surprise and allow for full preparation of a case. These concerns should apply equally in the administrative context.

■ The *Miller* case only recognized the right of citizen-participants to discovery; it did not extend its holding as a grant to administrative boards. However, the legislature, in amending the process by which a teacher's discharge is reviewed, has created a de novo hearing and directed that it be conducted so that both complaints and defenses are amply and fairly presented. Authorizing discovery by the local school board is not inconsistent with the statutory authority. We hold that the State Board's regulation permitting discovery is valid.

■ The fact that the Rules of Civil Procedure are made inapplicable to de novo hearings does not preclude the State Board from adopting procedures of its own to facilitate de novo hearings. The authority to do so is found in Section 22–2–1. Discovery procedures fall within that authority.

## II. FAILURE TO HOLD A TIMELY HEARING

Redman argues that the failure of the State Board to hold a timely hearing requires reversal. The de novo hearing "shall be held" within sixty days of the State Board's receipt of the notice of appeal. Section 22–10–20(D). The statute does not prescribe a result for failure to comply. *Compare* NMSA 1978, Civ.P.R. 41(e) (Repl.Pamp.1980) (providing for dismissal of action with prejudice for failure to prosecute a civil case) *and* Crim.P.R. 37(d) (providing for dismissal of information or indictment with prejudice in a criminal case). The State Board justifies the delay on grounds that Redman's counsel consented to the postponement and that no prejudice resulted due to the postponement. Redman denies consenting.

We do not agree with the argument of the State Board that the requirement is merely directory. *Cf. Board of Education of Alamogordo Public Schools District No. 1 v. Jennings,* 98 N.M. 602, 651 P.2d 1037 (Ct.App.1982) (statute requiring that employment contracts between local school boards and certified school personnel be in a particular form was directory because the result of a contract on another form was not detailed). *See also Perry v. Planning Commission of County of Hawaii,* 62 Haw. 666, 619 P.2d 95 (1980) (statute providing planning commission "shall" conduct hearing within prescribed time held nonmandatory).

■ The use of the word "shall" ordinarily imposes a mandatory requirement. NMSA 1978, § 12–2–2(I). *See also Springfield-Sangamon County Regional Plan Commission v. Fair Employment Practices Commission,* 71 Ill.2d 61, 15 Ill. Dec. 623, 373 N.E.2d 1307 (1978) (time peri-

ods for administrative act will be considered directory only where rights of parties not injuriously affected by failure to act within time prescribed). A mandatory requirement serves important purposes. It promotes an expeditious review and protects tenured teachers from arbitrary and capricious delay. *Jones v. General Superintendent of Schools of City of Chicago,* 58 Ill.App.3d 504, 16 Ill.Dec. 59, 374 N.E.2d 834 (1978). An expeditious review also protects teachers from monetary injury. *See Foley v. Civil Service Commission,* 89 Ill. App.3d 871, 45 Ill.Dec. 261, 412 N.E.2d 612 (1980). While a mandatory requirement for holding a timely hearing may not necessarily apply to all administrative hearings, a question not before us, it is not difficult to see the potential harm that could result from delays not only to teachers, but the institution and the students they serve.

◼ Taking the statutory scheme as a whole, the legislature has evidenced an intent to provide an expeditious hearing process for the tenured teacher who is discharged during the term of a written contract or whom the school board refuses to reemploy for another year. The tenured teacher is entitled to a prompt hearing before the local board. NMSA 1978, §§ 22–10–15(B)(2), –17(B)(2) (Repl.Pamp.1984) (requiring a hearing within fifteen days of service of notice of termination or discharge). The tenured teacher is entitled to a prompt decision. Section 22–10–19(E) (the local board must serve a written copy of the decision within ten days from the notice of hearing).

The statutory scheme outlining the State Board's review is consistent with a mandatory requirement. *Cf. State ex rel. Webb v. Board of Education of Bryan City School District,* 10 Ohio St.3d 27, 460 N.E.2d 1121 (1984). *See* § 22–10–20(I) (requiring that a written copy of the decision be served on the parties within sixty days of the de novo hearing). In the case in which the de novo hearing occurs within sixty days of the notice of appeal, the teacher and the local board receive a decision within 120 days of the notice.

◼ The circumstances of this case illustrate how a delayed hearing disrupts the statutory scheme. The Board rendered its decision in this case more than sixty days after the date the de novo hearing, by statute, should have been held; Redman received the decision more than 120 days after the notice of appeal. We hold, however, that the legislature did not intend a jurisdictional requirement in the sense that the right to a timely hearing could not be waived. *See Springfield-Sangamon County Regional Plan Commission v. Fair Employment Practices Commission. Cf. Quintana v. State Board of Education,* 81 N.M. 671, 472 P.2d 385 (Ct.App. 1970) (State Board and court of appeals lacked jurisdiction to entertain an appeal until a local hearing had been held).

◼ The regulation states that the time limits may be waived by the parties in writing. *See* SBE Reg. 78–3(III)(A)(4) (1978). An unsigned consent to extension does appear in the record. The State Board found that consent was given during the course of the unrecorded and untranscribed conference call between the attorneys and the hearing officer, but an oral consent would not satisfy the State Board's own rule. There was no written waiver in this case. There is insufficient evidence to support the finding of consent. *Id.*

The record also contains insufficient evidence of grounds for estoppel, and the State Board made no such finding. The claim of error was preserved. Redman's counsel formally moved for dismissal of the local board's case in August at the continued hearing and noted his objection to the June hearing on the record.

◼ We hold that the failure to commence and complete the hearing within sixty days is reversible error, unless the requirement is waived or unless the delay occurred for good cause. *Jones v. General Superintendent of Schools of City of Chicago; Foley v. Civil Service Commission. Cf.* NMSA 1978, Child.Ct.R. 46(d) (Cum.

Supp.1984) (extension of adjudicatory hearing only by supreme court, a justice thereof, or a designee). Such a standard is consistent with the significant right the legislature has granted a teacher to require that the local board present its case within sixty days as well as with the statutory mandate that the hearing be conducted so that both sides may present their evidence amply and fairly. On showing of good cause, or with a written waiver, the State Board may extend the time. The lack of a hearing within sixty days produced a decision which is not in accordance with law because it was not arrived at as a result of a timely hearing. *Cf. Morgan v. New Mexico State Board of Education*, 83 N.M. 106, 488 P.2d 1210 (Ct.App.1971) (the State Board acted unreasonably when it failed to apply its own regulation when reviewing procedures followed by the local board; as a result, the State Board's decision affirming the local board must be reversed).

We have concluded that the State Board's regulations authorizing discovery are consistent with its statutory authority. However, the legislature's concern for an early hearing precludes a delay that gives the local board, over the teacher's objection, additional time for discovery, absent circumstances not revealed by the record in this case. No good cause for delay has been shown by the record.

■ The continuance in June was at the request of the Board of Regents, who wished, among other things, to compel a mental examination of Redman and to submit interrogatories to her. The continuance was required for the stated reason that discovery conducted under the time frame permitted by the Rule of Civil Procedure might not be completed by the proposed hearing date. The State Board's discovery regulations, however, provide that discovery may be commenced ten days after the date the notice of appeal is filed. SBE Reg. 78–3(III)(B). There is no indication in the record that the discovery sought could not have been accomplished by the date of the scheduled hearing.

As to the ruling granting continuances, the hearing officer recessed the hearing to permit NMSVH to submit Redman's polygraph charts to two polygraph experts and to allow these experts to testify. This continuance was not granted with the consent of both parties. The record indicates that there was a dispute about whether Redman had, prior to the hearing, permitted NMSVH access to her polygraph charts as required by the hearing officer, and that the hearing officer believed the continuance was necessary to permit adequate cross-examination by NMSVH. However, there is no indication in the record that the access sought could not have been obtained by the date of the scheduled hearing. Rather, the record indicates that there was confusion about the nature of the hearing officer's ruling, which became apparent to all the parties during the June 6 hearing.

Under the circumstances of this case, we hold that good cause for delay was not shown. As a result, the State Board's decision was not in accordance with law and must be reversed.

Because of our disposition of the procedural claims, we do not address the other issues raised by Redman. The State Board's decision and order is reversed. This cause is remanded with instructions to the State Board to reverse the decision of the school board.

IT IS SO ORDERED.

NEAL and BIVINS, JJ., concur.