**STATE ex rel. GEIB**

v.

**TRIWAY LOCAL BOARD OF EDUCATION.**

[Cite as *State ex rel. Geib v. Triway Local Bd. of Edn.* (2000), 139 Ohio App.3d 392.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 99CA0019.

Decided May 10, 2000.

*Ronald G. Macala* and *Anthony M. Dioguardi II,* for relator.

*Scott C. Peters* and *Krista M. Kay,* for respondent.

WHITMORE, Judge.

This is an original action in mandamus before this court pursuant to R.C. 2731.02. The relator, Alice Geib, seeks an order compelling respondent, Triway Local Board of Education, to comply with their statutory obligations under R.C. 3319.11 and conduct a hearing.

The facts in this case were stipulated by the parties. Relator, at all relevant times, was a public school teacher certified under the laws of Ohio and taught at Triway Local School District ("Triway") for twenty-one years. Respondent is in charge of entering into employment contracts for Triway. During the 1995–1996 school year, relator had signed a limited contract of employment with respondent to teach at Triway.

On April 22, 1996, respondent conducted a meeting and decided not to renew relator's contract. Relator received notice of this decision on April 25, 1996 and filed a timely request for a written statement on April 30, 1996. Respondent sent relator a written statement on May 3, 1996. After receiving the written statement explaining the circumstances that led to respondent's decision, relator requested a hearing on May 7, 1996.

On June 3, 1996, respondent conducted a hearing and took formal action by refusing to renew relator's limited teaching contract. Relator received notice of respondent's action on or about June 4, 1996.

On July 3, 1996, relator filed a complaint and statutory appeal in the Wayne County Common Pleas Court. In her complaint, relator challenged respondent's decision not to renew her contract and alleged that respondent failed to comply with the requirements for a written statement pursuant to R.C. 3319.11(G)(2). The common pleas court concluded that the statement was inadequate and ordered respondent to pay relator back pay until it provided an adequate statement. On January 22, 1997, respondent provided relator with an amended statement. Shortly thereafter, respondent filed an appeal with this court on February 12, 1997.

Before respondent filed its appeal, relator requested a hearing with respondent to address the amended statement she received. Respondent denied her request. On February 5, 1997, relator filed a motion for a directive to respondent to provide for a hearing with the Wayne County Common Pleas Court. Respondent filed an opposing memorandum on February 12, 1997. The trial court denied relator's motion on February 26, 1997. At that point in time, relator did not take any action to challenge the trial court's denial of the motion because respondent had filed an appeal regarding the trial court's determination that the original statement was inadequate.

This court reversed the trial court's decision and found that the original statement dated May 3, 1996 was adequate. *Geib v. Triway Local Bd. of Edn.*

(Nov. 26, 1997), Wayne App. No. 97CA0016, unreported, 1997 WL 775771. Subsequently, relator filed an appeal with the Supreme Court of Ohio. On February 17, 1999, the Supreme Court reversed this court's ruling and reinstated the decision of the trial court. On February 22, 1999, relator requested a hearing from respondent to discuss the amended statement that she had received on January 22, 1997. Respondent refused to conduct a hearing. On March 26, 1999, relator filed a complaint in mandamus in this court to enforce respondent board's obligations under R.C. 3319.11(G).

Before a court will grant a writ of mandamus, the relator must show a clear legal right to the relief sought, that the respondent is under a legal duty to perform the requested act, and that no other plain and adequate remedy exists in the ordinary course of the law to vindicate that right. *State ex rel. Williams v. Belpre City School Dist. Bd. of Edn.* (1987), 41 Ohio App.3d 1, 4, 534 N.E.2d 96, 99–100. In the case at bar, relator has argued that respondent has a legal duty to comply with the evaluation, notification, and hearing procedures pursuant to R.C. 3319.11. R.C. 3319.11(G)(4) provides:

"The treasurer of a board, on behalf of the board, shall, within ten days of the date of receipt of a written demand for a hearing pursuant to division (G)(3) of this section, provide to the teacher a written notice setting forth the time, date, and place of the hearing. The board shall schedule and conclude the hearing within forty days of the date on which the treasurer of the board receives a written demand for a hearing pursuant to division (G)(3) of this section."

Because respondent refused to conduct a hearing on the amended statement, relator has asked this court to grant her a writ of mandamus. However, a writ of mandamus should not be granted when there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05.

"[A]n aggrieved teacher or employee of a public school board has an adequate remedy at law under R.C. 3319.16 to seek redress for hearing rights that have been violated by a school board, and mandamus will not be a substitute for the foregoing legal remedy." *State ex rel. Webb v. Bryan City School Dist. Bd. of Edn.* (1984), 10 Ohio St.3d 27, 33, 10 OBR 178, 184, 460 N.E.2d 1121, 1126. On February 5, 1997, relator filed a motion in the Wayne County Common Pleas Court to order respondent to provide a hearing on her amended statement. After the trial court denied her motion, she could have filed an appeal with this court.[1] Therefore, relator had an adequate remedy at law, and her petition is denied.

---

1. Even assuming that relator's case was not ripe until the Ohio Supreme Court ruling on February 17, 1999, she could have pursued the legal remedies set forth in R.C. 3319.16.

Accordingly, relator's request for the issuance of a writ of mandamus is hereby denied.

*Writ denied.*

SLABY, P.J., and BATCHELDER, J., concur.